Paige, J.
 

 The only question in this case is, whether the electors of the town of Northfield had power to adjourn the town-meeting which was duly opened and organized at the Bull’s-head tavern, on the morning of the 8th of February 1848, to the house of W. C. Martin, at Port Richmond, in that town. By the revised statutes (1 R. S. 339, § 1), the citizens of the several towns, qualified to vote, are required annually to assemble and hold town-meetings in their respective towns, at such place in each town, as the electors thereof, at their annual town-meeting, shall, from time to time, appoint. And if at any annual town-meeting, no place is fixed by the electors for the next annual town-meeting, such town-meeting shall be *held at the place of the last annual town-meeting. (1 R. S. 340, § 3.)
 

 The electors of the town of Northfield, at their annual town-meeting, in February 1847, which was held at the Bull’s-head tavern, omitted to fix the place of the annual meeting in 1848: by this omission, the statute fixed the
 
 *22
 
 place of such meeting at the Bull’s-head tavern. All questions upon motions at town-meetings, are determined by the majority of the electors voting. The motion to adjourn the meeting at 12 o’clock, from the Bull’s-head tavern to the house of W. C. Martin, was made in due form, and received the affirmative votes of a majority of the electors in attendance at the time it was made. But it is insisted on behalf of the relator, that the statute having fixed the place of the annual town-meeting, to be held on the 8th of February 1848, the electors had no power to change such place, by either an adjournment or a new appointment. The revised laws of 1813 (2 vol. p. 127, § 4) provided, that no town-meeting should be held longer than two days, and should only be held open, between sunrise and sunset, and should be held at such place in each town'as the freeholders, &c., at their town-meeting, should, from time to time, appoint. Under this section, the supreme court decided, that the electors, on the town-meeting being opened, had a right to adjourn the meeting to the next day, to be held at another place; and that the electors were the exclusive judges of the necessity of the adjournment.
 
 (Goodell
 
 v.
 
 Baker,
 
 8 Cow. 286.)
 

 The provisions of the revised statutes, and of the laws amending the same, in relation to the appointment of the time and place of holding town-meetings, so far as they affect the question under consideration, are substantially like those contained, in the act of 1813. By that act, all the town-meetings were directed to be held on the first Tuesday of April in each year. (2 R. L. 125, § 1.) By the act of 1839, the times of holding the town-meetings are to be appointed by the boards of supervisors of the several counties. (Laws of 1839, p. 365, § 15.) By the act of 1813, town-meetings *might be held two days; and they were to be held at such place as the freeholders, &e., at their town-meeting, should, from time to time, appoint;
 
 *23
 
 and by the same act, they were allowed to be held open only between sunrise and sunset. All these provisions are to be found in the revised statutes. (1 R. S. 839, §1; 342, §16.)
 

 If the adjournment of the town-meeting in Northfield had been to the next day, instead of the afternoon of the same day, the present case, and that of
 
 Goodell
 
 v.
 
 Baker,
 
 would have been in every essential circumstance alike. I do not think, that the omission of the electors of Northfield, on the 7th of February 1847, to appoint the place for the holding of the town-meeting for the succeeding year, whereby the statute fixed the place of meeting in 1847, as the place for the meeting in 1848, had any other or different operation on the power of the electors, than an express appointment by them of such place for the meeting in 1848, would have had. The appointment of the place, by statute, was intended only to supply the omission of the electors to make the appointment themselves; and to stand in lieu of, and as a substitute for, such appointment.
 

 If, then, we concede that the case of
 
 Goodell
 
 v.
 
 Baker
 
 was correctly decided, is the adjournment of the town-meeting in Northfield, by the electors, to the afternoon of the same day, such a material circumstance, as to prevent the applicability of that case, as an authority to the one under review?
 
 Goodell
 
 v.
 
 Baker
 
 decides that the electors could have adjourned the meeting to the next day, to be held at a different place. I think, there is nothing in the objection, that the town-meeting was required to be kept open from the rising until the setting of the sun; and that this could not be done, while the presiding officers and the electors were on their way from the Bulfs-head tavern to Port Eichmond. The counsel for the relator has given an incorrect construction to the 16th section of the title of the revised statutes in relation to town-meetings. (1 R. S. 342.) That section, like its antetype in the act of 1813, only requires that the town-
 
 *24
 
 meeting shall be kept open during *the daytime, or some part thereof, but not that it shall be kept open during the whole and every part of the day, between the rising and setting of the sun. (2 R. L. of 1813, 127, §4; 1 R. S. 136, § 6, 3d ed.; Act of April 5th, 1842.)
 
 [1]
 

 It is insisted, that there can be no adjournment of a town-meeting, or of the meeting of any other assembly or body, from one hour to another in the same day. It cannot be very material, whether the formal suspension of, or putting off the business of the town-meeting of Northfield for a sufficient length of time to enable the presiding officers to go from the Bull’s-head tavern to Port Richmond, was an adjournment, or a recess; or whether it was called, in the motion made and carried, either the one or the other. An adjournment is defined m Wharton’s Law Lexicon, p. 21, “a putting off until another time or place.” The same definition substantially will be found in Bouvier’s Law Diet. 78, and in Webster’s Dictionary. The power of the electors of Northfield to change the place of holding their annual town-meeting after twelve o’clock of the day on which it was required by law to be held, must mainly depend on the general authority conferred by the revised statutes on the electors of the several towns, at their annual meeting, to, from time to time, appoint the place of holding such meetings. (1 R S. 339, § 1.)
 

 In this case, the electors, at their annual town-meeting jn the 8th of February 1848, appointed that such meeting should be held in the afternoon of that day, at Port Richmond, a place in the town different from that at which it was opened and held during the forenoon. This new appointment was effected by means of an adjournment of the town-meeting from the Bull’s-head tavern to Port Richmond. This power of appointment was exer
 
 *25
 
 cised at the proper time, viz., at an annual town-meeting, and by the proper persons, viz., a majority of the electors present voting on the question. (1 E. S. 839, § 1; 342, § 17.) The only doubt arises on the question, whether the same annual town-meeting can be held at two different places, on the same day. The act *of 1831 (Laws of 1831, p. 53) provides, that if at any annual town-meeting, no place is appointed for the next annual town-meeting, the same shall be held at the place' of the last annual town-meeting. If the last annual town-meeting was held at two different places, it may be difficult to determine (in case of an omission of the electors to appoint) at which of the two places the next annual town-meeting is to be held.
 

 But the'same difficulty would exist, in case of an adjournment of an annual town-meeting from the day on which it is required to be held, to the next day, and another place; and the right to adjourn the meeting seems necessarily implied from the power conferred to hold the same meeting for two days. Towns are now declared by law to be corporations for certain purposes. (1 E. S. 337.) The electors are the corporators. At a lawful meeting of the corporators, irrespective of any statutory grant or denial of power, a majority of those present, would, at common law, have the right, as a power incident to all corporations, to adjourn the meeting to another time, either in the same or a future day, and to another place.
 
 (Chamberlain
 
 v.
 
 Dover,
 
 1 Shepley 472.)
 

 Upon the whole, I conclude, that as a question of power, the electors of Northfield had the right to adjourn their annual town-meeting, while assembled at the Bull’s-head tavern, to Port Eichmond, and that, therefore, the defendant was duly elected supervisor of the town. I confess, that I have had some difficulty in coming to this conclusion, and I think, that the power of adjourning a town-meeting.to another time and place,
 
 *26
 
 may, under peculiar circumstances, be oppressively exercised, and lead to a defeat of the popular will. This power ought not to be exercised, except in a case of extreme necessity.
 

 The judgment of the supreme court must be affirmed, with costs of the appeal to be paid by the relator.
 

 Judgment affirmed.
 

 Jewett, J., dissented.
 

 [1]
 

 The provision of the statute, as to the time of opening and closing the poll, is merely directory. People
 
 v.
 
 Cook, 8 N. Y. 67.