PEOPLE *ex rel.* WELLS v. BOARD OF AUDIT OF HEMPSTEAD.

*Town — proceedings at town meeting — call for special meeting — time of meeting. Mandamus — to enforce allowance of claim against town.*

A special town meeting was called " for the purpose of taking such action as they may deem best in regard to land" specified, in which the town was interested. The call referred to a petition annexed, which stated that the meeting was " for the purpose of deliberating in regard to the institution or defense of suits, or in the raising of money therefor in relation to " the same land. The meeting was held, two justices of the peace of the town being present, a vote was ordered to be taken by ballot in relation to the institution of such suits; a ballot was taken and it was determined to institute them, and W. was, by ballot, appointed agent or attorney to institute them. There was appropriated a sum not exceeding $400 for the expense of the suits. The meeting was called and held at 1 P. M. and the polls were kept open until sunset. *Held,* (1) that the call was sufficiently specific; (2) that the proceedings at the meeting and the hours during which it was held were regular, and (3) that W. was entitled to his reasonable expenses in the performance of his duties in instituting the legal proceedings directed.

*Held,* also, (1) that mandamus to the board of town auditors was proper to enforce the allowance of the claim of W., and (2) that although, by an adjournment of the board *sine die,* before the issue of such writ it could not be enforced against the members, it could issue to be enforced at the next lawful meeting of the board.

APPEAL by plaintiffs from an order at special term denying an application for a mandamus.

The proceedings were instituted upon the relation of Obadiah Wells against the Board of Audit of the Town of Hempstead, to compel defendant to audit an account of relator against said town for moneys paid out for counsel fees and expenses in an action brought for the benefit of said town. The facts were these. In June, 1874, the following call was duly posted and published as required by law:

" Call for a special town meeting. In compliance with the following petition, a special town meeting of the electors of the town of Hempstead will be held at Washington Hall in the village of Hempstead, on Friday, July 3, 1874, at 1 o'clock P. M., for the purpose of taking such action as they may deem best in regard to the land

MARCH TERM, 1875. 375

People ex rel. Wells v. Board of Audit of Hempstead.

bounded by High, Orchard, Front and Franklin streets, in the village of Hempstead, sold by vote of the town, April, 1873.

"Dated June 22, 1874.

"SAMUEL HENDRICKSON, *Town Clerk.*

"To the Town Clerk of the Town of Hempstead : We, the undersigned persons eligible to the office of supervisor of the town of Hempstead, do hereby apply to you and require that a special town meeting shall be called by you for the purpose of deliberating in regard to the institution or defense of suits or in the raising of money therefor in relation to the plat of land bounded by High, Orchard, Front and Franklin streets, in the village of Hempstead, in said town, and any acts of Bernardus Hendrickson, his attorneys or agents, or in regard thereto, or any rights, interests or duties of the town therein or thereto."

This petition was signed by twenty-two persons. In pursuance of the call, a meeting was held at the place and time appointed. Two justices of the peace of the town were present. A resolution was passed that the question of the institution of the suit or suits referred to in the call be determined by ballot, and also that an agent or attorney be chosen by ballot to institute and conduct the suits. The form of the ballot designated was, "Shall a suit or suits be instituted against Bernardus Hendrickson and others, to recover the common lands in Hempstead village bounded by High, Orchard, Front and Franklin streets." The polls were directed by the meeting to open immediately and be kept open until sunset, which was done.

The resolution offered and carried also contained a provision appropriating a sum not to exceed $400 for the expense of the suits.

A large majority of the ballots cast were in favor of the institution of the suits, and relator was chosen the agent or attorney of the town to prosecute such suits.

A suit was instituted and relator paid to legal counsel, as counsel fee, and for disbursements, the sum of $255. Other facts appear in the opinion.

*A. N. Weller,* for appellants.

*John J. Armstrong,* for respondent

People ex rel. Wells v. Board of Audit of Hempstead.

Present — BARNARD, P. J., TAPPEN and GILBERT, JJ.

TAPPEN, J. A special town meeting was held at the town of Hempstead, on the 3d of July, 1874, after due notice, at which a resolution was adopted by ballot, directing suits to be commenced against certain persons, to recover certain common lands of the town. The sum of $400 was appropriated for the expense of the suits, and the relator, Obadiah Wells, was, by the same meeting, appointed attorney to institute the same. The suits were commenced, and a bill rendered by him against the town for $255, for the money claimed to have been expended by the relator for counsel fees and other expenses in such suits. The board of town auditors, at a regular meeting on the 28th November, 1874, had this bill before them, and passed a resolution of rejection. The relator seeks by mandamus to compel the allowance of the claim; the special term denied the motion for the writ, and he now appeals to the general term.

The respondents say that the board of auditors had closed their hearings of accounts against the town, and had delivered their certificate thereof to the supervisor to be laid before the board of supervisors, and that this was done before the relator's claim was presented. Also, that the order of the special term, requiring the respondents to show cause, was not granted until after the board of auditors adjourned, *sine die.*

We think the call for the town meeting sufficiently specific, and the proceedings at such meeting regular and in accordance with the statute. Instead of intrusting the prosecution of the action to the supervisor, the town devolved that duty upon the relator. In making an appropriation, it expressly agreed to pay to the relator his reasonable expenses in the performance of that duty.

That a mandamus, in cases of this kind, is the appropriate remedy, is held in *Bell* v. *Town of Esopus*, 49 Barb. 506; *Brady* v. *Supervisors*, 2 Sandf. 460; S. C. affirmed, 10 N. Y. 260.

The proceedings at the meeting were within the rule in *Cornell* v. *Town of Guilford*, 1 Denio, 510; and that the hours of the meeting were not irregular, see *People* v. *Martin*, 5 N. Y. 22. That the board of audit had adjourned finally and without naming a day for reassembling, is a reason why the peremptory writ cannot now be enforced against the members thereof. *People* v. *Auditors of Westford*, 53 Barb. 555; S. C. affirmed, 38

How. 23. But where the writ will lie, it may issue to be enforced at the next lawful meeting of the board.

The order of the special term should be reversed, and the peremptory writ allowed.

*Ordered accordingly.*