In re MANY.

(Supreme Court, Appellate Division, Second Department. December 1, 1896.)

ELECTIONS—MINISTERIAL DUTIES—CERTIORARI.
　　The duty of election inspectors to set an automatic ballot machine at a required number before proceeding with the voting (Laws 1896, c. 163, §§ 3, 11) is ministerial, and its exercise cannot be reviewed by certiorari.

Appeal from special term, Westchester county.

Application by William C. Many for a writ of certiorari to review the action and proceedings of the common council of the city of Mt. Vernon, and the action and proceedings and determination of the inspectors of election of the First election district of the First ward of said city on the 19th day of May, 1896. From an order of the special term denying his application for the writ, the applicant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Wm. J. Marshall, for appellant.
David Swits, Jr., for respondents.

WILLARD BARTLETT, J. On the 19th day of May, 1896, a charter election was held in the city of Mt. Vernon, at which was to be chosen, among other officers, an alderman for the First ward of that city. The candidates for this office were Harvey S. Armstrong, William C. Many, and Walter A. Miles. The statement of the result in the First election district of the First ward, made by the inspectors of election, showed that the whole number of votes cast for the office of alderman therein was 183, of which Harvey S. Armstrong received 178, William C. Many received 2, and Walter A. Miles received 3. Upon the official canvass subsequently made by the common council of the city, Harvey S. Armstrong was declared elected alderman of the First ward by reason of the fact that it appeared from the certificate of the inspectors that he had received a plurality of the votes for such office. Mr. Armstrong duly qualified by taking the prescribed oath and filing it in the office of the city clerk. At this charter election the city of Mt. Vernon used the Myers automatic ballot machine, in the exercise of the authority conferred by the several statutes on that subject. These statutes are chapter 764 of the Laws of 1894, chapter 73 of the Laws of 1895, and chapter 163 of the Laws of 1896. Under the first of these acts the common council of a city which had adopted the Myers automatic ballot machine was required to provide one machine for each polling place, "with the dials of the counters set nine thousand nine hundred and ninety-nine"; and on the day of the election, before the beginning of the voting, it was made the duty of the chairman of the inspectors to "fully open the sliding doors of the counter compartment, in the presence of the inspectors and watchers, and, if not already so done, set each and every labeled counter at 9,999." Laws 1894, c. 764, §§ 3, 11. By the act of 1896, sections 3 and 11 of the original statute were amended so that the common

council was required to provide a machine for each polling place, "with the dials of the labeled counters set at nine," instead of 9,999; and it was made the duty of the chairman, on election day, to "fully open the sliding doors of the counter compartment, in the presence of the inspectors and watchers, and, if not already so done, set each dial in every labeled counter at nine," instead of 9,999.

The affidavit made in this proceeding by Robert Foreman, one of the persons who acted as an inspector in the First election district of the First ward, at the charter election of 1896 in the city of Mt. Vernon, and the petition of William C. Many, tend to show that the inspectors proceeded in ignorance of the amendment of 1896, and assumed that the counter should be set at 9,999, instead of 9. Mr. Many's petition also contains allegations from which the inference may be drawn that a mistake was made even in the attempt to observe the provision of the statute before the amendment, and that the machine had been erroneously set, so that the number upon the counter was 9,860. Although only two votes were returned as having been cast for the petitioner, he produces affidavits from seven electors, who swear that they voted for him, by pushing in the yellow knob to the right of his name on the ballot machine. His contention in the present proceeding is that an error was committed in the number of votes recorded for him, by reason of a mistake in setting the counter at the wrong figure; that the inspectors are required by the statute, in the first instance, to make a determination as to what number is upon the dial of the machine; that this determination is judicial; and, hence, that it is reviewable by the common-law writ of certiorari. We are unable to agree with this view of the character of the duty imposed upon the inspectors in regard to the setting of the counters in the Myers automatic ballot machine. That duty, it seems to us, is purely ministerial. They are not called upon to decide or determine any question in respect to the figures which shall appear upon the counter, but their chairman is commanded to see to it that the counter shall be set so as to show certain figures specified in the statute. A more distinctly administrative function it would be difficult to imagine. No rule of law is better settled in this state than that the manner in which a duty of this sort is exercised cannot be reviewed by certiorari. People v. Board of Sup'rs of Queens Co., 131 N. Y. 468, 30 N. E. 488. The court below was therefore right in denying the application of the petitioner. The facts stated in his papers suggest the possibility, not to say the probability, of errors in the operation of ballot machines, which may give rise to serious consequences in the future, but they disclose no case for a resort to the writ of certiorari as a remedy for any wrong which he may have suffered.

The order appealed from must be affirmed, with $10 costs and disbursements. All concur.