(22 App. Div. 363.)

PEOPLE ex rel. BROOKS v. BUSH et al.

(Supreme Court, Appellate Division, Third Department. November 30, 1897.)

CERTIORARI—JUSTICES OF THE PEACE AS INSPECTORS OF ELECTION.

   Certiorari, being for review only of judicial action, does not lie to review acts and conduct of justices of the peace, occupying the position of inspectors of election, in distributing ballots, taking and counting votes, and declaring the result, or permitting others to assist them therein.

Certiorari, on the relation of Luke H. Brooks, against John Bush and others, justices of the peace, and Willard S. Alvord, town clerk of the town of Chateaugay, to review the proceedings and acts of respondents in conducting a town meeting in March, 1897. Writ quashed.

This proceeding is instituted by the relator for the purpose of having declared void the proceedings of the annual town meeting held in the town of Chateaugay in March, 1897, at which, among other things, it was determined that no license should be issued for the sale of liquor by hotel keepers. The relator is an elector of the town, and an hotel keeper. It is claimed that such irregularities occurred in the conduct of the meeting as to make its action illegal and void. The irregularities complained of were, according to the return, substantially as follows: The town clerk, not being a rapid writer, was permitted to have an assistant, who was not sworn as a clerk, and who, under the direction of the town clerk, performed the manual work of writing down the names of the voters, and the number of the ballots cast by them, and noted the challenges made, and, at the

canvass, kept, under the direction of the town clerk, the tally sheet, and, after the canvass was made, read, at the request of one of the justices, the result aloud to those present. One Tobin, who was a watcher of one of the political parties, took the seat of one of the justices, at the request of such justice, as he was about to go to dinner; and while so occupying such seat, during the period of half or three-quarters of an hour, he delivered, from a pile of folded official ballots upon the table, 12 or 15 ballots to voters as they came up for votes, at the same time calling aloud the name of the voter, and the number of the ballot. This was done under the eye and supervision of the justices present. One Hall, who was an elector, and claimed to be a watcher in the interest of a political party, but was not a watcher appointed by any political party filing a certificate of nomination of candidates for offices to be filled at that meeting, was permitted to sit within the guard rail and make challenges to voters; and for two or three hours in the middle of the day, while there was a rush of voters, he, at the request of one of the justices, assisted him in folding some of the ballots, which, when folded, were handed to the justice, and by him delivered to voters; such ballots being the official ballots, and such folding being done in a proper manner, and under the immediate eye and supervision of such justice. One Ryan, while the canvass was being made, came inside the guard rail, and stood up by the side of one of the justices, who was taking ballots from a pile and opening them. Ryan, as he stood there, reached forward, and passed some of the ballots, one by one, unopened, from the pile to the justice, such ballots not exceeding in number 25; and then, upon request, he left. The votes were correctly canvassed, and no votes were counted that were not voted, and all that were voted were counted. It is not claimed that any one voted that was not authorized to vote, or that any one entitled to vote was prevented from voting.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Cantwell & Cantwell, for relator.
John P. Kellas, for respondents.

MERWIN, J. In view of the well-established general proposition that an election is not to be set aside for a mere informality or irregularity which cannot be said in any manner to have affected the result of the election (1 Dill. Mun. Corp. [4th Ed.] § 197, note 3), it is not clear that the relator, upon the case here presented, has, upon the merits, any ground for relief. Be that as it may, it is very clear that in this proceeding we have no right to review the conduct complained of. The justices of the peace were in the position of inspectors of election. As to such it was held in People v. Bell, 119 N. Y. 175, 23 N. E. 533, that they are simply ministerial officers. If so, their acts and conduct in conducting the election cannot be reviewed by certiorari. In re Many, 10 App. Div. 451, 41 N. Y. Supp. 993; People v. Austin, 20 App. Div. 1, 46 N. Y. Supp. 526. In People v. Board of Sup'rs, 131 N. Y. 468, 30 N. E. 488, it was held as follows:

"The writ of certiorari is appropriate only to review the judicial action of inferior courts or public officers, or bodies exercising judicial functions. It is not available to review the action of a public officer or body, which is merely legislative, executive, or administrative, although it may involve the exercise of discretion."

The distribution of the tickets and the taking of the votes, the counting of the votes and the declaration of the result, were not judicial acts. Nor was the action or conduct of the defendants, in per-

mitting or suffering the irregular acts complained of, "judicial action," within the ordinary meaning of the term.   If the defendants, in the administration by them of the election law, were guilty of official misconduct, the remedy is not in this proceeding.   The criminal law has provisions on the subject.   All concur.

Writ of certiorari quashed, with $50 costs and disbursements.