(20 App. Div. 1.)

### PEOPLE ex rel. VAN SICKLE v. AUSTIN et al.

(Supreme Court, Appellate Division, Second Department.   July 7, 1897.)

1. TOWN ELECTIONS—TIME FOR HOLDING.
    The holding of a town meeting from 9 a. m. to 12 m., and from 1 p. m. to sunset, complies with Laws 1890, c. 569, § 29, providing that "town meetings shall be kept open for the purpose of voting in the daytime only, between the rising and setting of the sun."

2. CERTIORARI—WHEN LIES—JUDICIAL ACTS.
    Certiorari does not lie to review the acts of an election board in receiving votes, and announcing the result, as they are not judicial in character.

Certiorari by the people, on the relation of James I. Van Sickle, against Jacob O. Austin and others, constituting the election board of the town of Minisink, to review the action of the board in conducting the annual town meeting, held on the 2d day of March, 1897. Writ quashed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Wilton Bannet, for relator.

T. S. Hulse, for defendants.

BRADLEY, J.   The charge made by the petition of the relator is that the annual town meeting, held in the town of Minisink, was illegal in its result, announced by the election board, because the polls were not open during the requisite time, in that the polls were not opened at sunrise, and kept continuously open until sunset. And reference is made to the statute, which provides that "town meetings shall be kept open for the purposes of voting in the daytime only, between the rising and setting of the sun." Laws 1890, c. 569, § 29. It appears that the polls were opened at 9 o'clock in the forenoon, and continued open from that time until sunset, except one hour, from 12 o'clock noon until 1 o'clock p. m.   Unlike the statutory direction applicable to general elections, the statute in question does not, in express terms, provide the hour or time the polls shall be opened, or that "there shall be no adjournment or intermission until the polls are closed."   Laws 1896, c. 909, § 3.   The language of the provision of the present statute as to the time that town meetings shall be kept open for purposes of voting is substantially no different than it has been for upward of 80 years.   2 Rev. Laws, p. 127; 1 Rev. St. p. 342, § 16.   And it never has been so construed as to require that the polls of town meetings be opened at sunrise, or continuously kept open until sunset, as contended by the learned counsel for the relator.   But the contrary has been held by the courts.   Goodel v. Baker, 8 Cow. 286; People v. Martin, 5 N. Y. 22.   This view of the interpretation of

the statute disposes of the question of legality of the town meeting adversely to the contention of the relator.

There is a further reason why the writ cannot be supported, and that is in the fact that a certiorari is available only to review a determination judicial in character. The functions of the election board of a town, in receiving votes and announcing the result, are not judicial. In doing that, they do not necessarily have any discretion to exercise or any determination to make. They receive the votes, count them, and return the results which the figures produce. There is no allegation in the petition of any judicial action of the defendants, nor does anything of that character appear in their return. It cannot therefore be assumed that any acts performed by them, as such board, were other than such as may be denominated "ministerial" and "administrative"; and therefore they are not the subject of review by the writ issued herein. Code Civ. Proc. § 2121; People v. Walter, 68 N. Y. 403; People v. Board of Com'rs, 97 N. Y. 37; People v. Board of Sup'rs, 131 N. Y. 468, 30 N. E. 488; In re Many, 10 App. Div. 451, 41 N. Y. Supp. 993.

The writ of certiorari should be quashed. All concur.