## McCloskey's Appeal

Before McCann, P. J., and McKenrick and Greer, JJ.

*Joseph J. Kintner*, for appellant.

*George Spence*, for election board.

*Everett Custer*, for sheriff.

GREER, J., November 22, 1937.—The reason assigned in the appeal is that appellant was aggrieved by the action of the county board of election in certifying the computation as having been completed, although a petition had been presented and filed requesting the opening of a ballot box in the nineteenth ward of the City of Johnstown.

It appears from the testimony and record that such a petition was presented to a judge of the court in chambers

on November 12, 1937; and, at 8 a.m. on the day following, this petition was filed in the office of the prothonotary, together with the required cash deposit.

Section 1703(a) of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, provides that such petition shall be presented not later than five days "after the completion of the computation and canvassing of all the returns of the county by the county board".

To give the court jurisdiction, in conformity with the statutory requirements, it is necessary that such petition be filed in the office of the prothonotary, accompanied by a deposit of cash in the amount of $50, or by a bond signed by the petitioners as principals and by a corporate surety, to be approved by the court, in the amount of $100: Section 1701(b); McChesney's Contested Election, 326 Pa. 438.

Admittedly these jurisdictional requirements were not complied with if the computation was completed more than five days previously; but it is otherwise contended by appellant.

The testimony further discloses that on Sunday, November 7th, the computation was completed, and the fact of such completion was orally announced by a member of the board, and the assistants were relieved of further duty. But the provisions of section 1404(f), requiring attestation by the clerks and signing by the board, were not complied with. Nevertheless, the certification by the board of the returns so computed was made on November 13, 1937, in accordance with the aforesaid section. This certification is conclusive until set aside by judicial decision.

If the functions of the clerks to attest and the board to sign the completed computation are judicial acts, the certification should be set aside; but, on the other hand, if they are merely ministerial and administrative, the certification is final and conclusive. The weight of authority in analogous cases is that the function of a board

in announcing the result of an election is administrative: People ex rel. v. Austin et al., 20 App. Div. 1.

Judge Ludlow in the case of Thompson v. Ewing, 1 Brewster 67, 77, a contested election for sheriff, rules that the duties of the return judges are simply ministerial; and adds:

"Open the door to any exercise of judicial functions, and these gentlemen [the return judges] become the judges of a contested election, a result so manifestly wrong that we think the correctness of our view will be admitted."

When this case came before the Supreme Court in Ewing v. Thompson, 43 Pa. 372, 375, it was held that the Governor of the Commonwealth has no power to revoke a commission when regularly issued, and that his act in issuing the commission originally is not discretionary with him, but is only the performance of a ministerial duty.

Even when the judges of the court of common pleas were acting as a computation board, their functions were largely ministerial and their powers were accordingly strictly limited: Plains Township Election Returns, 280 Pa. 520.

Moreover, it is to be remembered that the present case involves not the failure of the board as such properly to compute and certify the result but merely the failure on its part and on the part of its subordinates alike to sign and attest the result after the completion of the computation. Clearly this act could not be considered a judicial one; otherwise it would give to the subordinate clerks a judicial status, which certainly was not in the contemplation of the legislature. For the reasons hereinbefore given, the appeal should be dismissed.

And now, November 22, 1937, the appeal of Eddie McCloskey from the decision of the County Board of Elections of Cambria County is dismissed, at the cost of the county.