SECOND DEPARTMENT, MAY, 1990

(May 4, 1990)

■ In the Matter of CHARLES J. HYNES, Petitioner, v NORMAN GEORGE et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the respondent, Norman George, a Justice of the Supreme Court, from empaneling a jury or otherwise purporting to move to trial the case of *People v Daniel Ruso,* under Kings County indictment number 10632/89.

Adjudged that the petition is granted, on the law, without costs or disbursements, the eight jurors who have already been selected without the participation of the District Attorney are discharged, and jury selection is stayed until such time as the People announce their readiness for trial.

The prosecutor announced his readiness for trial on April 24, 1990, and a *Sandoval* hearing was conducted. When the complaining witness failed to appear the next day and efforts to locate her proved unavailing, the prosecutor informed the respondent Justice of his inability to proceed. The respondent Justice nevertheless called in a jury panel and instructed the prosecution to proceed. Over the prosecutor's objection, the defense attorney proceeded with the voir dire of the jury panel and exercised challenges, peremptory and for cause. When the court recessed for the day, eight jurors had been selected and sworn without the prosecutor's participation. The prosecutor thereupon commenced the instant proceeding pursuant to CPLR article 78 and Justice Sullivan issued a temporary stay pending determination of this proceeding.

While the power of the trial court to deny the People any further adjournment is not disputed, the court erred in calling up a jury panel and compelling the People to proceed to trial when an essential witness was unavailable. Once an entire jury had been empaneled, jeopardy would have attached to the respondent Ruso *(see,* CPL 40.30 [1] [b]; *People v Jenkins,* 135 AD2d 733). The respondent Justice threatened to act in

excess of his authorized powers and the extraordinary remedy of prohibition is available *(see, Matter of Holtzman v Goldman,* 71 NY2d 564, 569). Moreover, it will lie in this case because the abuse of power threatened herein will have a profound impact upon the underlying criminal prosecution *(see, Matter of Rush v Mordue,* 68 NY2d 348).

While the desire of the Supreme Court to move its calendar is commendable, it may not do so by impermissible means *(see, People v Douglass,* 60 NY2d 194). The trial court was not helpless here. As suggested in *People v Douglass (supra,* at 200) and restated in *Matter of Holtzman v Goldman (supra,* at 574), a whole panoply of remedies is available. Mangano, P. J., Lawrence, Rubin and Sullivan, JJ., concur.