*502 OPINION OF THE COURT
Hancock, Jr., J.
The People three times announced their readiness for trial in the case of People v Daniel Ruso. On the date the trial was to commence, however, the prosecutor sought an adjournment because the complaining witness failed to appear at a meeting that morning and could not be reached by telephone. The trial court denied the request and ordered the trial to proceed. The issue is whether the trial court had the power to deny the People’s request for an adjournment and to proceed with jury selection. We conclude that the trial court had such power and that the Appellate Division erred in granting the People’s article 78 proceeding to prohibit the trial court "from empanelling a jury or otherwise purporting to move [the case] to trial”. We, therefore, reverse.
I
Respondent Daniel Ruso was indicted in September 1989 for robbery, third degree, and harassment, arising from an alleged forcible theft of $5 from his grandmother, Mrs. Maria Ruso. On April 5, 1990, the case came on for trial before Kings County Supreme Court Justice Quinones. The People declared that they were ready for trial and, that day, a Huntley hearing was held. After defendant’s counsel was unable to proceed on the next set trial date, April 15, the trial was adjourned until April 23, 1990. Again on April 23, the People announced their trial readiness, but the case was adjourned for another day because Justice Quinones was involved in trial and no other parts were available. On April 24, the People again announced their readiness. Because Justice Quinones was still engaged, he transferred the case to respondent’s part for trial.[1] Respondent granted defendant’s request to adjourn the case until the following day and, to accommodate a morning meeting the Assistant District Attorney had scheduled with the complaining witness, ordered that the trial proceedings not begin until 11:00 a.m.
At 11:35 a.m. on April 25, the prosecutor informed the court that the People were not ready to proceed because the complainant had missed her scheduled meeting and he had been unable to locate her by telephone. The prosecutor advised the *503 court that the complainant, a Brooklyn resident, had kept each of her five or six prior appointments. However, although she had expressed reluctance to testify against her grandson, the People never sought to insure her appearance in court by means of a subpoena.
Respondent denied the People’s request, stating: "the People have knowledge and notice that the complaining witness is the defendant’s grandmother * * * [who] is sympathetic towards her grandson * * * [and thus] was a 'reluctant’ witness, and [the People] having been advised of all of these things and not having taken appropriate actions to assure the complaining witness’ appearance in court for trial and not having even served a subpoena upon the complaining witness, and not having provided the Court with any information as to when and if the complaining witness will ever appear or where the complaining witness is or that they have even been in communication directly with the complaining witness rather than with the complaining witness’ daughter,[2] in view of all of these facts and circumstances the People’s application for an adjournment is denied and we will go forward with the trial.” The court announced that the case would be recessed until 2:00 p.m., when it would rule on the Sandoval motion and commence jury selection. The court expressly rejected the People’s contention that it lacked the power to proceed without the People’s consent.
After recess, the prosecutor refused to participate in jury selection, stating that he was not ready for trial. The voir dire went ahead without the People’s participation[2]
[3] and after eight jurors were selected, the case was recessed until the following morning.
The next day the People initiated this prohibition proceeding in the Appellate Division (see, CPLR 7803 [2]; 7804 [b]) by petition and an order to show cause which temporarily stayed further proceedings in the criminal trial. Thereafter, the Appellate Division granted the petition, on the law, and ordered that the eight jurors be discharged and that further jury selection be stayed until such time as the People announce their readiness for trial. That court concluded that *504 ”[w]hile the power of the trial court to deny the People any further adjournment is not disputed, the court erred in calling up a jury panel and compelling the People to proceed to trial when an essential witness was unavailable.” (161 AD2d 559.)
We do not accept the Appellate Division’s conclusion that the court, while undeniably having the power to deny an adjournment, lacked the power to order that the trial proceed. The People’s prohibition petition, therefore, should not have been granted.
II
Article 78 relief in the nature of prohibition (CPLR 7803 [2]) is an extraordinary remedy (see, Matter of Holtzman v Goldman, 71 NY2d 564, 569-570; Matter of Rush v Mordue, 68 NY2d 348, 352-353; Matter of Dondi v Jones, 40 NY2d 8, 13; Matter of State of New York v King, 36 NY2d 59, 65). In cases such as this, where judicial authority is challenged, it is only available if a clear legal right exists and then only when the court acts or threatens to act either without jurisdiction or in excess of its authorized powers (see, Matter of Holtzman, supra, at 569; Matter of Rush v Mordue, supra, at 352; Matter of Morgenthau v Erlbaum, 59 NY2d 143, 147, cert denied 464 US 993; Matter of Steingut v Gold, 42 NY2d 311, 315; Matter of Dondi v Jones, supra, at 13).
The power of the trial court to deny the People’s request for an adjournment is not, and cannot be, disputed (see, Matter of Holtzman v Goldman, supra, at 566, 570, 575; People v Douglass, 60 NY2d 194, 200; People v Foy, 32 NY2d 473, 476-478; People v Jackson, 111 NY 362 [1888]). The People nonetheless contend here that respondent was without the power to proceed with the trial and could only place the case on the reserve calendar, exercise its contempt power (if the People failed to exercise reasonable diligence in locating the complainant) or dismiss the case in the interest of justice. The People rely on Matter of Holtzman v Goldman (71 NY2d 564, supra; see also, People v Douglass, 60 NY2d 194, 200, supra). The Appellate Division agreed with this contention. We do not.
Matter of Holtzman v Goldman (supra) is clearly distinguishable. In Holtzman, the court held that the trial court does not have the power to terminate a criminal proceeding by default by entering a trial order of dismissal on the merits where no evidence had been presented and the merits of the *505 case had not yet been heard (see also, People v Douglass, 60 NY2d 194, 200-206, supra [discussing the trial court’s lack of authority to dismiss a criminal case for "failure to prosecute” or "calendar control”]). We noted that the trial court was not "helpless” and suggested that rather than terminate the criminal case, it could have "placed the case on a reserve calendar to be restored only when ready for trial or dismissed when the speedy trial period had elapsed”, exercised its contempt powers for unreasonable delay in locating complainant, or entertained a motion for dismissal in the interest of justice (71 NY2d, at 574). As the court made "perfectly plain”: our decision "does not divest Supreme Court of authority or discretion respecting adjournments or otherwise. * * * Only the extreme measure of dismissal of a criminal prosecution [was] in issue” (id., at 575).
Here, unlike Holtzman or Douglass, the trial court entered no order of dismissal; it simply required the parties to proceed with jury selection (see, CPL 260.30). Given that the trial court concededly had the power to deny the People’s request to "adjourn” the trial — that is, to deny " 'putting [it] off until another time or place’ ” (People v Martin, 5 NY 22, 26; see, Matter of Holtzman v Goldman, 71 NY2d, at 580 [Bellacosa, J., dissenting]; cf., People v De Rosa, 42 NY2d 872 [refusal of trial court to grant prosecutor a few hours adjournment under the facts of that case constituted an abuse of discretion]) — a conclusion that the court nevertheless lacked the power to proceed with the trial in its normal course would be an anomaly.
The People further argue that the order to proceed to trial was tantamount to a dismissal order, thus bringing this case within the proscription of Holtzman. This argument has no merit. The trial court, which had expressly reviewed this court’s decision in Holtzman, did not intimate that it would issue a dismissal order in violation of Holtzman, much less threaten to do so. Contrary to the People’s argument, respondent’s order to proceed with jury selection did not have the practical effect of a "threatened” dismissal. The People had time during the jury selection process to make further efforts to locate the complainant — a 67-year-old Brooklyn resident who had theretofore cooperated with the prosecution. If such efforts failed, the People could have made a second adjournment request. The People made no such efforts, but choose instead to commence this collateral proceeding at the Appellate Division.
*506 Finally, the People contend that the trial court lacked the authority to proceed, in any event, because their time to prepare their case under CPL 30.30 had not yet lapsed. They rely on People v Anderson (66 NY2d 529). In Anderson, the court held that although CPL 30.30 (3) (b) recognizes a defendant’s right to move for dismissal after the People have answered ready, "[t]his is not to say that by answering ready prior to the expiration of the applicable period stated in subdivision 1 or subdivision 2 the People forfeit their right to the time remaining.” (Id., at 536-537.) In stating that the People "are entitled to the full period allowed, either before or answering ready” (id., at 537), we held only that a CPL 30.30 speedy trial motion to dismiss may not be granted without giving the People the full benefit of the exclusions. But this case does not involve a 30.30 motion. Anderson cannot be read to support the notion that the People are immune from a postreadiness order requiring them to go to trial prior to the expiration of the CPL 30.30 (1) readiness period. To the contrary, as this court stressed in People v Douglass (60 NY2d 194, supra), a trial court is not "obligated to grant every adjournment requested by a prosecutor simply because statutory or constitutional time limitations have not expired.” (Id., at 200.)
In sum, this is not a situation where a trial court dismissed a criminal case without authority. Here, the People declared their readiness and brought this criminal case to the eve of trial. Having done so, and having conceded that the trial court had the authority to deny their request for an adjournment, the People’s efforts to prevent respondent from proceeding with the trial must fail. To hold that prohibition lies in this situation would nullify the trial court’s power to deny prosecutors’ requests for adjournments and enable prosecutors, displeased with the denial of their adjournment requests, to override the trial court’s ruling by simply commencing a collateral proceeding.
Accordingly, the judgment of the Appellate Division should be reversed, with costs, and the petition dismissed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
Judgment reversed, etc.

. Hereinafter respondent Justice George will be referred to as respondent, and respondent Daniel Ruso will be referred to as defendant.

. Apparently the complainant’s principal language is Romanian, and in the People’s prior meetings, the complainant’s daughter (defendant’s mother) had served as an interpreter.

. Pursuant to the trial court’s order, however, the prosecutor remained in the courtroom.