■ In the Matter of JAMES M. CATTERSON, JR., Petitioner, v JOHN V. VAUGHN et al., Respondents.—Proceeding pursuant to CPLR article 78 in the nature of a writ of prohibition, *inter alia,* to bar the respondent Vaughn from issuing or enforcing any order permitting postjudgment testing of certain evidence introduced against the petitioner at his trial in a criminal action.

Adjudged that the proceeding is dismissed, without costs or disbursements.

The extraordinary remedy of prohibition is available only where there is a clear legal right, and then, in cases where judicial authority is challenged, only in cases where the court acts or threatens to act either without jurisdiction or in excess of its authorized powers *(see, Matter of Hynes v George,* 76 NY2d 500; *Matter of Holtzman v Goldman,* 71 NY2d 564, 569). In this case the Suffolk County District Attorney has failed to demonstrate that the respondent Judge was without authority to entertain the prisoner's postjudgment application, and therefore has failed to demonstrate a clear legal right to the remedy of prohibition. Thus, the proceeding must be dismissed. In reaching this determination, we have not in any way addressed the underlying merits of the application in issue. Mangano, P. J., Thompson, Sullivan and Eiber, JJ., concur.