OPINION OF THE COURT
William C. Donnino, J.
The question presented is whether the court can take steps to ensure the defendant’s constitutional and general statutory *619 right to a speedy trial before it becomes necessary to dismiss the indictment because of the District Attorney’s failure to be ready to try the case.
The instant criminal action, charging the defendant with murder, was commenced on June 3, 1992. Since then the defendant has been in jail awaiting trial. The defendant has consistently and persistently stated he wanted a trial by jury, and to that end, once motion practice ended, his lawyer has consistently answered ready to proceed to trial. The District Attorney has consistently answered not ready to proceed to trial. The excuse has often been that the Assistant District Attorney is on trial or committed to try some other case.
Like all defendants, those charged with murder are entitled under the Federal Constitution (US Const 6th, 14th Amends) and New York statute (CPL 30.20) to a speedy trial, but that is a fairly elastic standard and it allows for substantial delay in the trial of a murder case before an indictment may be dismissed for failure to provide a speedy trial. Unlike other defendants, those indicted for murder are not encompassed within the statutory requirement that the District Attorney be ready for trial on an indictment within six months of the commencement of the criminal action. (CPL 30.30.) Thus, as to the most serious crime of murder the District Attorney has an incentive to answer not ready in favor of answering ready in a less serious crime which is subject to the "six-month ready-rule”.
That incentive to delay answering ready in murder cases is further bolstered by the aging of the inventory with respect to nonmurder indictments. At the present time, there are approximately 4,586 indictments pending in Bronx County; of those, approximately 2,651 are more than six months old; and of those, approximately 1,260 are more than a year old. There are approximately 387 indictments for murder, of those approximately 264 are more than six months old, and of those approximately 166 are more than one year old.[1]
*620 Proof that the incentive for delay in murder cases exists and is being taken advantage of here was candidly provided by the Assistant District Attorney in the present case. In a nonmurder case to which the Assistant District Attorney was also assigned he recently announced on the record that he would be ready on his nonmurder cases even if he were on trial because the District Attorney would assign some other Assistant District Attorney to try that nonmurder case; as to his murder indictments, he said, no such reassignment would take place. In fact, a recent request by this court for the office of the District Attorney to reassign the present case to an Assistant District Attorney who was not on trial in order to move this case to trial was refused.
On the last appearance of this case, the Assistant District Attorney was not on trial and did not claim to be immediately committed to the trial of another case. Nevertheless the Assistant District Attorney answered not ready, indicating that in his view the case might not be tried until the late fall and stating, for the first time in a year, that the case was "still in its investigatory stage”. When defense counsel detailed certain facts which led him to believe that a People’s eyewitness was not available and inquired whether the witness was available, the Assistant District Attorney declined to respond. The Assistant did acknowledge that the defendant "has wanted an early trial”, but he added "that doesn’t mean we can snap our fingers and do it for his sake”.
That is an unacceptable response from a quasi-judicial officer responsible for according defendants a speedy trial, particularly a defendant who has been in jail waiting, indeed begging, for a trial.
There is a statutory and constitutional right to a speedy trial. That right takes into consideration a fair opportunity for the District Attorney to prepare the case for trial and the reasonable delays inherent in processing many cases to trial.
Speedy trials are also at the heart of an effective justice system. Delay only risks the loss of witnesses, the dimming of a witness’s memory of the events, and the perception of a justice system that does not act timely to punish and remove serious offenders from the community and thereby help deter others from criminal conduct. To deny a person a speedy trial is counterproductive to the safety of the community as a whole and results in the dismissal of the individual case. For the District Attorney to assume that a one-year-old case has *621 not reached a point at which it will be dismissed for lack of speedy trial and answer not ready and expect that a court will routinely grant the adjournment and routinely require defendant’s incarceration pending the trial is to misunderstand the need for timely trials and thereby to do the community a disservice.
The granting of an adjournment is at the discretion of the court and not a matter of right. (See, Matter of Hynes v George, 76 NY2d 500 [1990]; see also, People v Douglass, 60 NY2d 194, 200 [a trial court is not "obligated to grant every adjournment requested by a prosecutor simply because statutory or constitutional time limitations have not expired”].) That discretion must be informed by the nature of the crime charged, the age of the case, the reason for the delay, the history of each party in asking for or opposing adjournments, whether the defendant is incarcerated, and any prejudice which may accrue from granting or denying the requested adjournment. (Cf., People v Taranovich, 37 NY2d 442 [1975].) No one factor or group of factors need be determinative; each case must be considered in light of the factors which apply to it. However, the defendant’s pretrial incarceration if lengthy and not attributable to delay requested by or acquiesced in by the defendant, weighs heavily because the "speedy trial guarantee affords the accused a safeguard against prolonged imprisonment prior to the commencement of his trial”. (People v Taranovich, supra, 37 NY2d, at 446.)
In this case, the crime charged is most serious. But the case is in excess of one year old. The asserted reason for delay, that the case is still in its investigatory stage, is, for a one-year-old case premised on legally sufficient evidence in the Grand Jury, as remarkable as it is uninformative. The People have not indicated that they were prepared to go forward with the case at any time during the pendency of the case, and have represented that they might not be ready for trial until the late fall. The defendant, who has asserted an alibi defense, has at least since the conclusion of motion practice, consistently asserted readiness. The defendant has been incarcerated since the inception of the case. Couple the age of the case and the defendant’s state of readiness since the conclusion of motion practice, with defendant’s incarceration and the District Attorney’s failure to be ready, and the equities point toward denying the People any further adjournment if defendant is to remain incarcerated pending trial.
Defendant himself at the last appearance answered ready *622 for trial and alternatively, for an affordable bail should the court grant the People an adjournment. The court reserved decision. Granting defendant bail would permit the court to grant the District Attorney’s application for an adjournment, and at the same time ensure defendant’s right to a speedy trial. Albeit defendant has a criminal history, the defendant is a resident of the Bronx, is married, has a child who was born during his incarceration, and can post a significant amount of bail — $25,000.[2] In light of those factors and the principles underlying the right to a speedy trial, a reconsideration of defendant’s bail upon the District Attorney’s continued failure to be ready is justified.
Both the interests of the community and the rights of a defendant are implicated in the constitutional right to a speedy trial. It would be too ironic if the statutory right to timely prosecutions of indictments other than those charging certain homicide offenses were permitted to defeat the interests of the community and the individual defendant in a speedy trial of an indictment charging murder. The court does not have to wait until it is required to dismiss an indictment for failure of the District Attorney to have been timely ready for trial before it can take steps to avoid that relief and benefit the community and the defendant by an interim relief that is true to the important principles underlying the right to a speedy trial.
It is time in this particular case for the District Attorney to be ready for trial or for the court to reconsider defendant’s bail. The choice is the District Attorney’s. If the District Attorney answers ready for trial, on or before July 16, 1993, the case will be ordered to trial and the bail will remain the same. If the District Attorney answers not ready for trial and thereby requests an adjournment, and the defendant answers ready for trial, the District Attorney request for the adjournment will be granted and defendant’s bail will be set at $25,000 (cash or a secured bond), and the defendant will be required to report to the court once a week.

. The age of the inventory has grown considerably since the District Attorney announced in late November 1992 that he would not generally consent to a plea on an existing indictment that did not at least include a plea of guilty to the most serious crime charged. At the time the District Attorney announced his policy there were approximately 4,388 indictments; of those 2,305 indictments were more than six months old; and of those approximately 857 indictments were more than one year old. The increase in indictments which are more than one year old since the District Attorney announced his policy is 403, representing an increase of almost a third.

. Albeit not determinative, it also appears that there has been a diminished probability of conviction given the District Attorney’s asserted need for further investigation and the District Attorney’s refusal to deny the absence of a key witness.