Golia, J.P
(dissenting in part and concurring in part and voting to dismiss the appeal from the order dated March 18, 2008, to reverse the order dated April 2, 2008, insofar as appealed from, and to remit the matter to the Criminal Court for a determination de novo of defendant’s motion to suppress evidence, following a hearing, in the following memorandum). I concur with the majority in the dismissal of the appeal from the order dated March 18, 2008, as that order was superseded by the order dated April 2, 2008.
However, with respect to the order dated April 2, 2008, I disagree with the majority in their legal findings. Most particularly, I disagree with their broad reading of the Court of Appeals’ determination in Matter of Hynes v George (76 NY2d 500 [1990]), which establishes a very particularized exception to the line of cases exemplified by People v Douglass (60 NY2d 194 [1983]) and Matter of Holtzman v Goldman (71 NY2d 564 [1988]).
In the case at bar, unlike in Hynes, the trial court summarily granted defendant’s motion to suppress the physical evidence, to wit, the marihuana, in a criminal sale of marihuana case. The result of this action was to render it legally impossible for the prosecution to prove its case and was therefore the functional equivalent of a dismissal. The action by the trial *23 court in this case is substantially different from the action of the trial court in Hynes and more like the action taken in Holtzman and Douglass. In Hynes, the Court of Appeals said:
“Here, unlike Holtzman or Douglass, the trial court entered no order of dismissal; it simply required the parties to proceed with jury selection . . . Contrary to the People’s argument, respondent’s order to proceed with jury selection did not have the practical effect of a ‘threatened’ dismissal. The People had time during the jury selection process to make further efforts to locate the complainant ... If such efforts failed, the People could have made a second adjournment request. The People made no such efforts, but choose instead to commence this collateral proceeding at the Appellate Division” (76 NY2d at 505 [emphasis added; citations omitted]).
Simply, the Court of Appeals in Hynes found that the Douglass line of cases did not apply since the action by the trial court did not have the practical effect of a dismissal whereas, in the case at bar, it is indisputable that the result of suppressing the marihuana in a case that charges the sale of marihuana is, in effect, a dismissal of the charges (see CPL 450.50; People v Midgett, 86 Misc 2d 1003 [App Term, 9th & 10th Jud Dists 1976]).
Consequently, I do not agree with the majority. I find that the majority, without basis, unjustifiably expanded the reasoning of Hynes to the point where they say that “[although the Criminal Court’s order may effectively prevent the People from proving their case, the order was not tantamount to an unauthorized dismissal of a criminal action” (emphasis added). In fact, the Hynes Court found that there was no unauthorized dismissal after holding that the action of the trial judge “did not have the practical effect of a ‘threatened’ dismissal” (76 NY2d at 505 [emphasis added]).
Additionally, I respectfully disagree with the majority in their support of the trial judge’s denial of the People’s request for an adjournment on February 5, 2008. The Criminal Court was informed that the police officer was unable to appear because he had just been reassigned to an “election” detail. February 5, 2008 was the day of the Democratic Party primary election for the office of President of the United States. Current events, New York politics, or risk assessment should have enlightened the Criminal Court, and all, that this had the potential to be an extraordinary day, far above the norm.
*24 I do not in any way discount the less than stellar, erstwhile performance and forthrightness of the Assistant District Attorney, but I also do not accept the trial court’s refusal to accede to the officer’s reassignment on that particular day.
Finally, it appears that the trial judge failed to meet the requirements of CPL 710.60. Subdivision (6) of that statute requires that “[rjegardless of whether a hearing was conducted, the court, upon determining the motion, must set forth on the record its findings of fact, its conclusions of law and the reasons for its determination.”
This the trial court did not do.
It is clear that a court must set forth its reasons on the record so as to obviate the very situation that we have here, that is, to prevent a trial judge from summarily granting a suppression motion as a purely punitive measure rather than on the merits. Since the trial court failed to do so, I would reverse the order dated April 2, 2008 and remit the matter to the Criminal Court for a determination de novo of defendant’s motion to suppress evidence, following a hearing.
Pesce and Weston, JJ., concur; Golia, J.P, dissents in part and concurs in part in a separate memorandum.