Louis L. Friedman, J.
This writ of habeas corpus came before the court on October 28, 1957, to inquire into the detention of the relator, who was imprisoned in the psychopathic ward of Kings County Hospital. It appeared from the papers before the court and the facts developed at the hearing that the relator had violated the traffic laws of the City of New York and that five traffic charges were pending against him. He had failed to appear in response to the traffic summonses and as a result he was finally brought before a Presiding Magistrate who, after some inquiry, directed that the relator be sent to the Kings County Hospital for observation and inquiry and report with respect to the relator’s mental condition. He was in the hospital 18 days before he appeared before this court on the hearing on this writ, and at the time of the hearing the doctor in charge of his mental examination advised the court that in the opinion of said psychiatrist the relator was not mentally ill and that there was no reason for his further restraint in the Kings County Hospital psychopathic ward. Accordingly, the court sustained the writ and discharged the relator from the custody of the superintendent of Kings County Hospital. Since the relator had already spent 18 days in prison, since he was in the prison ward of the Kings County Hospital, and since he was detained *41 not only as a prisoner but in a mental ward, where he was confined with other prisoners, many of whom are mentally ill, the court felt, and still feels, that the relator had been sufficiently punished for his five violations of the traffic laws. Inquiry of the prisoner, relator herein, indicated that he was a married man, living with his family, and in the furniture refinishing business. In order that he might lose no further time from work, the court, acting under its authority as a Justice of the Supreme Court, thereupon arraigned the prisoner on the five charges, and upon his plea of guilty thereto suspended sentence on each of the said charges, and thereupon directed the prisoner’s discharge from custody.
The power of the court to do so has now been questioned by the Chief Magistrate of the City of New York, and research indicates that unless the court is prepared to find that the Legislature had no power to enact section 22 of the Code of Criminal Procedure, and particularly a portion of subdivision 1 thereof, the objection taken by the Chief Magistrate to the power of the Supreme Court to dispose of the traffic violations, is well taken. Subdivision 2 of section 11 of the Code of Criminal Procedure, gives the Supreme Court original jurisdiction in criminal actions. Subdivision 1 of section 147 of the same code designates Justices of the Supreme Court amongst the various classes of judicial officers who are magistrates. Subdivision 1 of section 22 provides: “The supreme court has jurisdiction: 1. To inquire, by the intervention of a grand jury, of all crimes committed or triable in the county; but in respect to such minor crimes as courts of special sessions, police courts, or city courts have jurisdiction to hear and determine, the jurisdiction of the supreme court attaches only upon removal to the supreme court or presentment of an indictment in accordance with sections fifty-seven, fifty-eight and fifty-nine.” Subdivision 1 of section 22 when considered together with section 57 of the code, prevents a Supreme Court justice from assuming jurisdiction in the case of a traffic offender unless such charge is first prosecuted by indictment after inquiry by a Grand Jury. It thus appears evident that the constitutional power of the Supreme Court, as set forth in article VI of the New York Constitution has been restricted by the legislative enactment of sections 22 and 57, and it now appears that if sections 22 and 57 of the Code of Criminal Procedure are to be upheld a Supreme Court justice who has the power to try major capital crimes, including those for which a death penalty is provided by law, does not have the jurisdiction, in the first instance, to hear and dispose of a traffic violation. Certainly, a queer anomaly in the *42 law. Section 1 of article VI of the Constitution of the State of New York provides that the Supreme Court shall have general jurisdiction in law and equity, subject only to such appellate jurisdiction as may be prescribed by law and which is not inconsistent with the article. It is certainly a rather close question as to whether subdivision 1 of section 22 of the Code of Criminal Procedure, when considered in the light of section 57, is not an unconstitutional legislative enactment. However, the court does not desire that this relator be made the victim of a jurisdictional dispute, and the court recognizes that until a final judicial determination is made to the effect that subdivision 1 of section 22 is unconstitutional, the Chief Magistrate of the City of New York was within his rights in objecting to the Supreme Court’s assumption of jurisdiction in these traffic cases. The objection will be recognized, the decision heretofore handed down is withdrawn and in place thereof the following is the decision of this court on the writ of habeas corpus, which was returnable on October 28,1957: “On the statement or the record by Dr. Erwin Klein, that relator Vincent Canizio is not mentally ill, the writ of habeas corpus is sustained and the relator, Vincent Canizio, is discharged from the custody of the Superintendent of Kings County Hospital. The relator, Vincent Canizio, is paroled in the custody of his counsel, Nicholas F. Dizozza, 160-16 Jamaica Avenue, Jamaica 32, New York, and is directed to appear before the Chief Magistrate at his office at 100 Centre Street, New York City, on Monday, November 4, 1957, at 10 A.M., for arraignment and disposition on the traffic charges pending before said Magistrate. The attorney for the relator has been orally notified of this determination and has agreed to produce the relator at said time and a copy of this decision is to be forwarded to relator’s attorney and to the Chief Magistrate. This determination is to be considered the order of this court and no further order need be filed.”