J. Irwin Shapiro, J.
Motion to inspect the Grand Jury minutes or in the alternative to dismiss the indictment.
There are three counts in the indictment. The first charges a violation of section 1053-a of the Penal Law (vehicular homicide). The second count charges the defendant with operating a motor vehicle in an intoxicated condition as a misdemeanor, and the third count charges the defendant with a violation of section 1180 (subd. [b], par. 3) of the Vehicle and Traffic Law (speeding).
There is not a shred of evidence to sustain the first count of the indictment. That the defendant was intoxicated is clearly established but that there was any causal connection between that condition and the accident is nowhere established. If anything the proof in the record leads to the conclusion that the deceased came from between two parked cars at the time when the defendant was doing 36 miles an hour in a 30-mile-an-hour zone and that he attempted to swerve away from the deceased when the latter’s person became apparent. There is a complete absence of any proof of criminal or culpable negligence and the first count of the indictment must therefore be dismissed.
The third count of the indictment which charges the defendant with a violation of section 1180 (subd. [b], par. 3) of the Vehicle and Traffic Law — speeding—must also be dismissed. In the first place the Vehicle and Traffic Law section upon which the third count is predicated does not apply in the City of New York except to the extent that it authorizes the appropriate city authorities to adopt speeding restrictions, the violation of which is punishable as a traffic infraction. Pursuant thereto article 6, section 60 of the Traffic Regulations of the City of New York was' promulgated by the Traffic Department of the City of New York under authority of chapter 40 of the New York City Charter to regulate the speed of motor vehicles in the City of New York. I believe, therefore, that proper pleading of the speeding violation could more appropriately have referred to article 6, section 60 of the Traffic Regulations of the City of New York than to the Vehicle and Traffic Law.
*369 Assuming, however, that the appropriate law was referred to in the third count of the indictment it would still have to he dismissed for a Grand Jury has no power to indict on a speeding charge and consequently this court would have no jurisdiction over the defendant on such a charge. Section 155 of the Vehicle and Traffic Law provides that: “In cities having a population in excess of one million, the criminal court of the city shall have exclusive jurisdiction to hear and determine any complaint alleging a violation constituting a traffic infraction.”
See, also, for a comprehensive discussion of the nature of a traffic violation the opinions in Squadrito v. Griebsch (1 N Y 2d 471) and People ex rel. Canizio v. Kings County Hosp. (10 Misc 2d 40).
Short-form order denying the motion to inspect, granting the motion to dismiss the first and third counts of the indictment and denying the motion to dismiss the second count of the indictment signed and entered.