Memorandum, The judgment of the Appellate Division should be modified by reversing the conviction of criminal negligence pursuant to section 1053-a of the Penal Law and dismissing that *815 count of the indictment. Proof of intoxication alone is not enough to sustain a conviction of criminal negligence. The People must also prove that the defendant’s intoxication affected his physical and mental capacity to the extent that it caused him to operate his vehicle in a culpably reckless manner (People v. Fink, 18 A D 2d 220; People v. Manning, 7 A D 2d 1008; People v. Harvin, 47 Misc 2d 367; People v. Fyfe, 6 Misc 2d 524; People v. Lacey, 210 N. Y. S. 2d 113). The evidence adduced by the People failed to establish that defendant drove at an excessive rate of speed or that his intoxication caused him to strike the decedent. We have considered the other contentions raised by the defendant and have found them to be without merit.
Defendant’s conviction of operating a motor vehicle while intoxicated is affirmed.
Accordingly, the judgment is s,o modified and the case remitted to the trial court for resentence on the defendant’s affirmed conviction under section 1192 of the Vehicle and Traffic Law (People v. Malizia, 4 N Y 2d 22).
Chief Judge Fuld and Judges Van Vookhis, Burke, Scileppi, Bekgan, Keating and Breitel concur.
Judgment, as amended, modified by reversing the conviction under the first count of the indictment and dismissing that count, and by further vacating the entire sentence and remitting the case to the Jefferson County Court to exercise its discretion with respect to the sentence under the second count with the first count eliminated and, as so modified, affirmed.