■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL CHISHOLM, Respondent.

The defendant's arrest and indictment for the crimes of criminal sale of a controlled substance in the third degree and resisting arrest arose out of a "drug buy and bust" operation which occurred on October 21, 1986.

In July 1987 the defendant went on trial. At the end of the People's case, the court denied the defendant's motion for a trial order of dismissal. The defense called as its first witness, the police officer who had supervised the drug "bust" in which the defendant had been arrested. During his direct testimony, the officer volunteered testimony regarding a prior arrest of the defendant. The court granted defense counsel's motion for a mistrial over the People's objection and request for the alternative remedy of curative instructions.

The case was set down for a second trial. The record indicates that prior to the commencement of jury selection, the People made the necessary arrangements to have three crucial police witnesses, i.e., the undercover officer, the arresting officer, and the supervising officer appear in court for the defendant's trial on August 10, 1987. On that date, the Supreme Court, Queens County, was advised that the supervising police officer would be late, due to a clerical error, but was "on his way". The Supreme Court, Queens County, was also advised that the undercover officer "was on a day off", and that the arresting officer had gone camping for "a couple of days". In light of the unavailability of these two crucial witnesses, the People requested, *inter alia,* a short continuance, in order to secure their attendance for trial. At that juncture, the jury had not yet been sworn as a whole. The Supreme Court, Queens County, although holding the People blameless for the police officers' failure to appear, denied the People's request for a short continuance and dismissed the indictment based on its outrage over the unavailability of the police witnesses. Concededly, however, no constitutional or statutory time limitations *(see,* CPL 30.10, 30.20, 30.30) had expired in the instant case. Nor can the dismissal herein be justified "in [the] furtherance of justice," pursuant to CPL 210.40 (1) *(see, People v Lebensfeld,* 82 AD2d 925; *People v Johnson,* 49 AD2d 928). Under the circumstances, the Supreme Court, Queens County, abused its discretion, as a matter of law, in denying the People's request for a short continuance and dismissing the indictment *(see, People v De Rosa,* 42 NY2d 872; *People v Douglass,* 60 NY2d 194, 205-207; *see also, Matter of Holtzman*

*v Goldman,* 71 NY2d 564). Mollen, P. J., Mangano, Brown and Kunzeman, JJ., concur.