■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH ROESCH, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Quinones, J.), dated August 8, 1988, which granted the defendant's motion

to dismiss the indictment on the ground that he was denied his right to a speedy trial.

Ordered that the order is reversed, on the law, the defendant's motion is denied, the indictment is reinstated, and the matter remitted to the Supreme Court, Kings County, for further proceedings.

Following a number of trial adjournments at the People's request, after they had declared themselves ready, the court rescheduled the case for trial. On the rescheduled trial date, July 26, 1988, the court denied the People's request for yet another two-day adjournment to procure the presence of the arresting officer. The defendant presented a "speedy trial motion," and also pressed orally for dismissal, citing the court's prior warning that the case would be dismissed if the People were again not ready for trial. Acting on its earlier warning, the court, from the bench, dismissed the indictment and thereafter rendered a written decision basing its dismissal on the prosecutor's inability to proceed on July 26, 1988, stressing that the People were delinquent in waiting until the day before the trial to notify the officer of the need for his appearance.

Notwithstanding the trial court's understandable exasperation, it had no inherent authority, statutory or otherwise, to dismiss an indictment for "failure to prosecute" or for "calendar control" (People v Douglass, 60 NY2d 194, 200, 204; see also, Matter of Holtzman v Goldman, 71 NY2d 564, 573; People v Sullivan, 142 AD2d 695, 696). Moreover, the trial court was unauthorized to enter an order of dismissal on "speedy trial" grounds, because the statutory period within which the People were required to be ready for trial had not expired (CPL 30.30, 210.20 [1] [g]). The trial court held no hearing and made no computation as to the time period allocable to the People under CPL 30.30. Upon our own calculations, we determine that the statutory deadline had not been reached.

Nor does the record demonstrate that the court considered the relevant factors set forth in CPL 210.40, so as to invoke the criteria for dismissal of the indictment in the "interest of justice" (Matter of Holtzman v Goldman, supra, at 572, 575; see also, People v Henriquez, 68 NY2d 679, 681; People v Rickert, 58 NY2d 122, 128; People v Sullivan, supra, at 696; People v Cileli, 137 AD2d 829, 830).

We note that the People's attempt to contact the arresting officer on the day before the trial was scheduled, following a

1½-year period of adjournment of calendar dates, did not constitute due diligence *(see, People v Daniels,* 128 AD2d 632; *People v Africk,* 107 AD2d 700), and that, under the circumstances of this case, the trial court would not have exceeded its discretion had it merely denied further adjournments, rather than resorting to what in this case was an unauthorized dismissal *(see, Matter of Holtzman v Goldman, supra,* at 574; *People v Douglass, supra,* at 200; *People v Sullivan, supra,* at 697). Mangano, P. J., Bracken, Rubin and Rosenblatt, JJ., concur.