■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE DONOHUE, Appellant. [645 NYS2d 60] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Pitts, J.), rendered November 30, 1994, convicting him of vehicular manslaughter in the second degree, criminally negligent homicide, and operating a motor vehicle while under

the influence of alcohol, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing the convictions of manslaughter in the second degree and criminally negligent homicide, and vacating the sentences imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on those counts and for further proceedings pursuant to CPL 460.50 (5).

The defendant was involved in a two-car automobile accident on February 8, 1992, at approximately 1:00 A.M. at a so-called "T" intersection in Suffolk County. The defendant, immediately prior to impact, was proceeding on the horizontal bar of the "T", while the deceased driver had been proceeding on the vertical stem of the "T" and was in the process of making a left turn onto the horizontal bar at the time of the fatal impact. The deceased driver had not passed completely through the horizontal lane in which the defendant was proceeding at the time of impact.

The intersection had one traffic control device, i.e., a stop sign, governing traffic as the deceased proceeded along the vertical stem of the "T" intersection. There were no traffic control devices in place in the direction that the defendant was proceeding immediately prior to impact. The defendant attempted to stop when he saw the deceased's vehicle in the road in front of him, but was unable to do so. The defendant's vehicle came into contact with the door of the deceased driver's car.

A test taken of the defendant's blood, pursuant to a court order about three and one-half hours following the accident revealed a blood alcohol level of approximately .117. The presumption of intoxication pursuant to Vehicle and Traffic Law § 1192 is a blood alcohol level of .10. Thus, the conviction of operating a motor vehicle under the influence of alcohol must be affirmed under the per se mandate of Vehicle and Traffic Law § 1192 (2) and (3) (see, People v David W., 83 AD2d 690; cf., People v Edwards, 158 Misc 2d 615).

At trial, the identity of the deceased was stipulated to by both trial counsel. In spite of this stipulation, the trial court permitted a six-year-old wedding photograph of the decedent to be admitted into evidence and available to the jury throughout the deliberation process. On appeal the defendant contends the court erred in allowing the photograph to be introduced into evidence. We agree and find that in view of the less than overwhelming evidence of the defendant's guilt, this error can-

not be deemed harmless and warrants reversal of the defendant's convictions of manslaughter in the second degree and criminally negligent homicide.

The People's argument that the photograph was properly admitted does not pass muster, particularly in light of the trial counsels' stipulation with respect to the identity of the victim. Quite to the contrary, here we find that the photograph was clearly irrelevant (*see, People v Stevens,* 76 NY2d 833; *People v Pobliner,* 32 NY2d 356). The only purpose that the photograph could have served was to inflame the jury's emotions and to introduce into the trial an impermissible sympathy factor.

The conduct of the defendant in driving while intoxicated, standing alone, does not make him responsible for the victim's death. The burden was on the People to show beyond a reasonable doubt (1) that the defendant was criminally negligent in that he failed to perceive a substantial and justifiable risk; and (2) that the conduct resulted in the death of another person (Penal Law §§ 125.10 and 125.12). Put differently, the People's burden is to prove beyond a reasonable doubt that the intoxication was causally related to the deceased's demise (*see, People v Bast,* 19 NY2d 813; *People v Holt,* 109 AD2d 174).

Although the evidence was legally sufficient to permit the jury to infer that the defendant's intoxication was a cause of the accident, in a case as close as the one at bar, there is a significant probability that the photograph impermissibly tipped the scales in favor of the People. Therefore, we find the court's error in admitting the bridal photograph was not harmless.

We have reviewed the defendant's remaining contentions and find them to be without merit (*see, People v Fernandez,* 81 NY2d 1023; *People v Scalzo,* 176 AD2d 363). Ritter, J. P., Thompson, Pizzuto and Hart, JJ., concur.