■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT SPELLMAN, Respondent. [650 NYS2d 132] —Order, Su-

preme Court, New York County (Jay Gold, J.), entered February 1, 1995, which dismissed Indictment No. 05387/94, unanimously reversed, on the law and the facts, the indictment reinstated and the matter remanded for further proceedings.

The trial court clearly exceeded its authority by issuing a trial order of dismissal before commencement of the trial. Pursuant to CPL 290.10 (1) (a), the trial court can issue a trial order of dismissal only upon motion of the defendant at the conclusion of the People's case or at the conclusion of all of the evidence. "The plain language of the statute manifests the Legislature's intention only to grant the court the power to rule on insufficiency, not the power to terminate the proceedings by default" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 571). Review of the record demonstrates that dismissal cannot be construed as based upon any ground for pretrial dismissal listed in CPL 210.20, as that section requires a written motion and reasonable notice to the People. There is also no basis upon which to conclude that the trial court dismissed the indictment in the interests of justice pursuant to CPL 210.40. "Moreover, [even] if the court intended to dismiss on interest of justice grounds, it was required to consider the 10 factors set forth in CPL 210.40 and make clear which factors served as the basis for its dismissal [citations omitted]" (*Matter of Holtzman v Goldman, supra*, at 572; *People v Rickert*, 58 NY2d 122, 128; CPL 210.40). In addition, given the procedural posture of the case, the court did not have the inherent power to dismiss the prosecution (*Matter of Holtzman v Goldman, supra; and see, People v Douglass*, 60 NY2d 194).

In any event, the trial court was not without alternatives. "As suggested in *People v Douglass* (60 NY2d 194, 200, *supra*), the court could have denied the adjournment and, if the prosecutor was unable to proceed, placed the case on a reserve calendar to be restored only when ready for trial or dismissed when the speedy trial period had elapsed (*see, e.g., Matter of Morgenthau v Gold*, 69 NY2d 735)." (*Matter of Holtzman v Goldman, supra*, at 574.) Alternatively, the court could have exercised its contempt powers or could have entertained a motion for dismissal in the interest of justice *(supra)*.

However, we note that the People were correctly informed by the trial court that its determination denying their motion for closure of the courtroom was not appealable. Therefore, the prosecution's stated reason for not proceeding, i.e., that they were going to seek review of the court's ruling on the motion for closure, was not a proper basis upon which to seek an

adjournment. Thus, the trial court acted well within its discretion in denying the adjournment (*Matter of Holtzman v Goldman, supra*) and, "a conclusion that the court nevertheless lacked the power to proceed with the trial in its normal course would be an anomaly" (*Matter of Hynes v George*, 76 NY2d 500, 505). Concur—Murphy, P. J., Ross, Tom, Mazzarelli and Andrias, JJ.