■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS CARLEY, Respondent. [669 NYS2d 870] —Appeal by the People, as limited by their brief, from so much of an order of the County Court, Putnam County (Sweeny, J.), dated May 27, 1997, as granted those branches of the defendant's motion which were to dismiss the three counts of the indictment charging vehicular manslaughter in the second degree and the count of the indictment charging vehicular assault in the second

degree. The appeal brings up for review so much of an order of the same court, dated July 28, 1997, as, upon reargument, adhered to the original determination (*cf.,* CPLR 5517 [b]).

Ordered that the appeal from the order dated May 27, 1997, is dismissed, as that order was superseded by the order dated July 28, 1997, made upon reargument; and it is further,

Ordered that the order dated July 28, 1997, is affirmed insofar as reviewed.

The County Court properly dismissed the three counts of the indictment charging vehicular manslaughter in the second degree and the count of the indictment charging vehicular assault in the second degree on the ground that the evidence presented to the Grand Jury was legally insufficient to support those charges. Although the People established that the defendant was intoxicated and speeding, there was no evidence that his conduct caused the three fatalities or the serious injuries to the fourth victim of the crash (*see,* Penal Law §§ 125.12, 120.03; *People v Bast,* 19 NY2d 813, 815; *People v Donohue,* 229 AD2d 396). In fact, according to the Grand Jury testimony of the People's own expert in accident reconstruction, the crash occurred when the other car crossed over into the lane in which the defendant was traveling. Miller, J. P., Altman, Krausman and Luciano, JJ., concur.