OPINION OF THE COURT
Memorandum.
Ordered that the appeal from the order dated March 18, 2008 is dismissed as said order was superseded by the order dated April 2, 2008; and it is further ordered that the order dated April 2, 2008, insofar as appealed from, is affirmed.
In October 2007 the People charged defendant with criminal sale of marihuana in the fourth degree (Penal Law § 221.40) based upon the arresting officer’s observation of a transaction between defendant and another person involving cash and a transparent bag of marihuana. On November 7, 2007 the People orally consented to a Mapp hearing without the necessity of a written motion (cf. CPL 710.60 [1]). On February 5, 2008 the Criminal Court denied the prosecutor’s request for a fifth adjournment of the hearing to produce the officer and granted defendant’s motion to suppress evidence. The People moved for leave to reargue defendant’s suppression motion. By order dated March 18, 2008, the court, in effect, granted leave to reargue and, upon reargument, adhered to the prior determination denying a further adjournment and granting defendant’s suppression motion, noting that a more detailed order disposing of the motion would be forthcoming. A more detailed order to the same effect was issued on April 2, 2008. The People appeal from the March 18, 2008 and April 2, 2008 orders, arguing that the Criminal Court abused its discretion in denying the adjournment, that the denial was tantamount to an unauthorized dismissal and, because defendant failed to establish his standing to challenge the propriety of the seizure of marihuana, alleged to have been from the hand of the person to whom he sold the marihuana, that there was no basis to convene a hearing in the first instance, rendering the grant of the motion without legal foundation, notwithstanding the absence of proof of the constitutionality of the seizure.
*21 The People objected to defendant’s failure to demonstrate standing (e.g. People v Ramirez-Portoreal, 88 NY2d 99, 108-109 [1996]) for the first time in their reargument motion. We find that the People’s consent to a procedure, whereby a Mapp hearing was granted without a written motion or a demonstration of defendant’s standing to challenge the constitutionality of the seizure of evidence, and the People’s failure thereafter to raise said issue on any of the adjourned dates of the hearing, waived any procedural complaint with respect to the grant of the hearing.
The grant of an adjournment rests within the sound discretion of the court (e.g. Matter of Anthony M., 63 NY2d 270, 283 [1984]; People v Singleton, 41 NY2d 402, 405 [1977]; People v Foy, 32 NY2d 473, 476 [1973]; People v Ruiz, 57 AD3d 576 [2008]; People v Jackson, 41 AD3d 498 [2007]; People v Melvin, 223 AD2d 604 [1996]), and under the circumstances presented, we cannot say that the Criminal Court improvidently exercised its discretion. The Court of Appeals has rejected a claim that the People are entitled to adjournments until their speedy trial time is exhausted (Matter of Hynes v George, 76 NY2d 500, 506 [1990]), and has expressed disapproval of prosecutorial conduct wasteful of judicial resources and burdensome to defendants and their counsel who are required repeatedly to appear and be prepared for hearings that do not occur (see People v Douglass, 60 NY2d 194, 200 [1983]). The People’s factual representations regarding their diligence to produce the witness and the reasons for his repeated nonappearance, are insufficient to support a finding that the court improvidently exercised its discretion in denying the People’s request for a fifth adjournment.
The People offered no explanation for one nonappearance, and the explanations for two other absences, which were that the adjournment dates corresponded to the officer’s “regular day off” and the officer’s attendance at a promotion ceremony, do not support the People’s claims to diligence in selecting adjournment dates upon proper knowledge of the officer’s availability and on timely notice to the officer of the hearing dates. Indeed, notwithstanding that the Criminal Court had declared the next adjournment “final” as to the People (see e.g. People v Patterson, 177 AD2d 1042 [1991]), the People offered only that the officer had been assigned to “election detail.” This pattern of absences, as the Criminal Court properly noted, established little more than that the officer’s attendance at the suppression hearing was a matter of diminished priority as to all competing *22 interests. Moreover, when the prosecutor sought yet an additional adjournment, he accompanied that request with no representations regarding the likelihood of the officer’s appearance at the adjournment date, a relevant consideration when determining the propriety of an adjournment request (see e.g. People v Robinson, 295 AD2d 544 [2002]; People v Di Fondi, 275 AD2d 1018 [2000]; People v Benson, 260 AD2d 864, 865 [1999]; People v Blasini, 253 AD2d 886, 887 [1998]; People v Patterson, 177 AD2d at 1042).
As evidentiary review of the merits of the suppression motion was foreclosed by the People’s failure to produce a witness (compare People v Ramirez-Portoreal, 88 NY2d at 109; see People v Bashkatov, 18 Misc 3d 127[A], 2007 NY Slip Op 52364[U] [App Term, 2d & 11th Jud Dists 2007]), we find no basis to disturb the court’s order granting the motion to suppress evidence. Although the Criminal Court’s order may effectively prevent the People from proving their case, the order was not tantamount to an unauthorized dismissal of a criminal action (Matter of Hynes v George, 76 NY2d 500 [1990]; Matter of Holtzman v Goldman, 71 NY2d 564 [1988]; see People v Roesch, 163 AD2d 429, 430-431 [1990]). Accordingly, the order is affirmed.