THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN CARMICHAEL, Appellant. [901 NYS2d 48]—

Judgment, Supreme Court, New York County (Robert H. Straus, J.), entered December 10, 2007, convicting defendant, after a jury trial, of three counts of criminal sale of a controlled substance in the second degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to concurrent terms of 17 years, unanimously affirmed.

After giving due consideration to the possible disruptive effect of permitting both defendant and his attorney to conduct the trial, the court properly exercised its discretion when it declined to permit such hybrid representation, notwithstanding that two judges who presided over the case in pretrial proceedings had agreed to permit such representation. Since the decision whether to allow a defendant to proceed to trial with hybrid representation is a matter of discretion (see People v Rodriguez, 95 NY2d 497 [2000]), the law of the case doctrine did not operate to preclude the trial court from exercising its own discretion on this issue (see People v Evans, 94 NY2d 499, 503-504 [2000]). The court also properly exercised its discretion in denying defense counsel's request for a two-week adjournment, made on the ground that the case had been prepared under the assumption of a division of responsibilities between the attorney and his client. Counsel was familiar with the long-pending case and did not establish a need for such an adjournment.

The court properly denied defendant's applications made pursuant to Batson v Kentucky (476 US 79 [1986]). Viewing jury selection as a whole, we conclude that defendant did not meet his burden at step one of the inquiry. Defendant did not produce "evidence sufficient to permit the trial judge to draw an inference that discrimination ha[d] occurred" in the exercise of peremptory challenges (Johnson v California, 545 US 162, 170 [2005]). While numerical evidence may suffice, in this case it did not warrant an inference of discrimination.

The court properly adjudicated defendant a second felony drug offender previously convicted of a violent felony, based on a 1983 California conviction. The record supports the court's finding that the statutory 10-year limitation period for use of a predicate conviction was tolled by multiple periods of incarceration in California. The adjudication was supported by competent evidence (see People v Leon, 10 NY3d 122 [2008]), and each pe-

riod of incarceration was properly applied toward the toll of the limitation period (*see* Penal Law § 70.04 [1] [b] [v]; *compare People v Dozier*, 78 NY2d 242 [1991]).

The court's preclusion of certain evidence offered by defendant, and its handling of matters occurring during jury deliberations, were proper exercises of discretion that did not cause defendant any prejudice. We have considered and rejected defendant's constitutional arguments regarding these issues.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ.