The People of the State of New York, Appellant,
against
Bruce Popko, Respondent.




District Attorney Nassau County (Yael V. Levy, Jacqueline Rosenblum of counsel), for appellant.
Joseph Carbone, Esq., for respondent (no brief filed).

Appeal from an order of the District Court of Nassau County, First District (Eric Bjorneby, J.), dated February 10, 2016. The order granted defendant's motion to suppress evidence.




ORDERED that the order is reversed, on the law, and the matter is remitted to the District Court for a new determination of defendant's motion to suppress evidence, following a hearing.
On November 5, 2014, the People charged defendant, in simplified traffic informations, with driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]) and operating an unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]), following an automobile accident investigation initiated by Police Officers Brendan McGovern and Christopher Rowe. Officer Brett Fahrbach, who reached the scene shortly before Officer McGovern administered a portable breath test to defendant (which produced a positive reading for a blood alcohol content), administered standardized field sobriety tests, a portion of which Officer McGovern observed. Defendant made incriminatory statements to Officers McGovern and Fahrbach, and, following defendant's arrest, Officers Rowe and McGovern transported defendant to police headquarters, where Officers McGovern and James Laurelli recited to defendant the refusal warnings and recorded defendant's refusal to submit to a chemical test of his blood alcohol content (cf. Vehicle and Traffic Law § 1194 [2] [a]).
On April 21, 2015, the District Court (Andrew M. Engel, J.) ordered hearings on a motion by defendant to suppress evidence, which were initially scheduled for July 22, 2015. On July 22, 2015, the People were not prepared to proceed with the hearings due to the unavailability of Officer Laurelli, and the court adjourned the hearings to September 1, 2015. On September 1, 2015, although Officers Fahrbach and Laurelli were present, the People stated that they could not present their case without Officer McGovern, a "necessary witness," who had suffered an injury [*2]which required surgery and a period of recuperation. On December 17, 2015, after several further adjournments, the People again stated they were unable to proceed because Officer Fahrbach had been placed on injury leave and Officer McGovern was again indisposed. Assured that Officer Fahrbach would return to active duty by January 20, 2016, Judge Engel granted a further adjournment, to February 10, 2016, and marked the adjournment "final" against the People.
On February 10, 2016, the prosecutor informed Judge Engel that a necessary witness was again unavailable to testify, whereupon the court adjourned the matter to the afternoon court session before Judge Eric Bjorneby who would be asked "not to continue this hearing to another day" if the People could not present their case. At the commencement of the proceedings before Judge Bjorneby, the prosecutor informed the court that they would begin the hearings with Officer Laurelli, their only available witness, whose testimony, they conceded, would be brief; that Officer Fahrbach remained on injury leave; that Officer McGovern remained at home with a sick child but would appear on the following day; that attempts to contact Officer Rowe had been unsuccessful; and that the People had determined that they would proceed without Officer Fahrbach's testimony. Judge Bjorneby stated that he would not contravene Judge Engel's order that the adjournment be deemed final as of that day, and granted the motion to suppress evidence.
The People's motion for leave to reargue the suppression order was denied, and consequently, the matters asserted therein are not before us (cf. CPLR 5517 [b]; People v Davis, 277 AD2d 462, 462 [2000]; People v Carley, 248 AD2d 548, 549 [1998]).
On appeal, asserting that they cannot prosecute the case absent the suppressed evidence (see CPL 450.50), the People argue, among other things, that Judge Bjorneby's order amounted to an "unauthorized dismissal" of the prosecution and that, in any event, the refusal to grant the requested adjournment represented an abuse of discretion.
When, at a hearing upon a defendant's motion to suppress evidence, the People fail to come forward with evidence to satisfy their burden to demonstrate the legality of police conduct in the first instance (see People v Berrios, 28 NY2d 361, 367 [1971]; People v Rossi, 99 AD3d 947, 949 [2012]; People v Sanders, 79 AD2d 688, 689 [1980]), absent an improvident exercise of discretion, a court may properly deny an adjournment and grant the motion (e.g. People v Goggans, 123 AD2d 643 [1986]; People v Valentin, 27 Misc 3d 19, 22 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Such an order is not "tantamount" to an unauthorized dismissal of a criminal action (Matter of Hynes v George, 76 NY2d 500, 505 [1990]; Matter of Holtzman v Golden, 71 NY2d 564, 573-574 [1988]; People v Roesch, 163 AD2d 429, 430-431 [1990]; People v Valentin, 27 Misc 3d at 22).
Further, "[a] court is vested with broad jurisdiction to control its calendar" (SKR Design Group, Inc. v Avidon, 32 AD3d 697, 699 [2006], citing People v Douglass, 60 NY2d 194, 197 [1983]; see also Matter of Anthony M., 63 NY2d 270, 283 [1984]) and, thus, Judge Bjorneby was not bound by Judge Engel's order that the adjournment be deemed final (see SKR Design Group, Inc. v Avidon, 32 AD3d at 699 ["Once a judicial proceeding has commenced, the judge to whom a case is assigned has exclusive jurisdiction over its conduct and may not delegate or surrender judicial authority over such issues as adjournments"]; e.g. People v Carmichael, 73 AD3d 622, 622 [2010] [law of the case doctrine inapplicable to discretionary rulings]; cf. People v Evans, 94 NY2d 499, 503-504 [2000]). Further, while the " grant[] of an adjournment for any purpose is a [*3]matter of discretion for the trial court' " (People v Agbimson, 51 Misc 3d 150[A], 2016 NY Slip Op 50841[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2016], quoting People v Singleton, 41 NY2d 402, 405 [1977]; see also Matter of Anthony M., 63 NY2d at 283), under the circumstances presented, we find that the refusal to grant the requested adjournment represented an improvident exercise of discretion (see People v De Rosa, 42 NY2d 872, 873 [1977]; People v Schafer, 152 AD3d 1228, 1228 [2017]; People v De Carr, 158 AD2d 912, 913-914 [1990]; People v Chisholm, 140 AD2d 534, 535 [1988]; People v Marks, 15 Misc 3d 139[A], 2007 NY Slip Op 50942[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; cf. People v Valentin, 27 Misc 3d at 21).
Accordingly, the order granting defendant's suppression motion is reversed and the matter is remitted to the District Court for a new determination of defendant's motion to suppress evidence, following a hearing.
GARGUILO, J.P., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 19, 2017