The People of the State of New York, Appellant,
against
Natalia M. Alonso, Respondent.




Orange County District Attorney (Andrew R. Kass, Esq.), for appellant.
Law Offices of Richard L. Herzfeld, P.C. (Richard L. Herzfeld, Esq.), for respondent.

Appeal from an order of the Justice Court of the Village of Greenwood Lake, Orange County (Keith Garley, J.), rendered May 13, 2016. The order granted defendant's oral motion to dismiss three accusatory instruments.




ORDERED that the order is reversed, on the law, defendant's oral motion to dismiss the three accusatory instruments is denied, the three accusatory instruments are reinstated and the matters are remitted to the Justice Court for all further proceedings.
Defendant was charged in three accusatory instruments with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), and harassment in the second degree (Penal Law § 240.26), respectively. When defendant appeared for a suppression hearing on May 13, 2016, the People requested an adjournment. Defendant's counsel objected and orally moved to dismiss the accusatory instruments on the ground that the People had failed to prosecute the matter. The People opposed the motion on the ground that dismissal was not an appropriate remedy. The Justice Court granted defendant's motion.
A trial court has no statutory or inherent authority to dismiss a criminal proceeding for failure to prosecute (see People v Douglass, 60 NY2d 194, 206 [1983]; People v Ramos, 37 Misc 3d 143[A], 2012 NY Slip Op 52293[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; People v Babcock, 19 Misc 3d 134[A], 2008 NY Slip Op 50696[U] [App Term, 2d Dept, 9th & [*2]10th Jud Dists 2008]; People v Tartaglione, 5 Misc 3d 126[A], 2004 NY Slip Op 51190[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]; cf. CPL 170.30). Moreover, under the circumstances presented, we find that the court's refusal to grant the requested adjournment represented an improvident exercise of discretion (see People v De Carr, 158 AD2d 912, 913-914 [1990]; People v Chisholm, 140 AD2d 534, 535 [1988]; People v Marks, 15 Misc 3d 139[A], 2007 NY Slip Op 50942[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; cf. People v Valentin, 27 Misc 3d 19, 21 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]).
We reach no other issue.
Accordingly, the order is reversed, defendant's oral motion to dismiss the three accusatory instruments is denied, the three accusatory instruments are reinstated and the matters are remitted to the Justice Court for all further proceedings.
MARANO, P.J., TOLBERT and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 16, 2017