The People of the State of New York, Appellant,
against
Brigitte Atta-Poku, Respondent.




Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for appellant.
Brigitte Atta-Poku, respondent pro se (no brief filed).

Appeal from an October 23, 2017 oral order of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Lewis Silverman, J.H.O.). The order dismissed the simplified traffic information.




ORDERED that the order is reversed, on the law, the simplified traffic information is reinstated, and the matter is remitted to the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency for all further proceedings.
On July 2, 2017, defendant was charged in a simplified traffic information with speeding (Vehicle and Traffic Law § 1180 [b]) for driving a 2017 black BMW at a speed of 89 miles per hour (mph) in a 55 mph zone, while traveling eastbound on the Long Island Expressway, near exit 50, in Suffolk County. On October 23, 2017, the matter appeared on the District Court's calendar for trial and, upon the People's request for an adjournment due to the fact that the complainant police officer had taken a personal day off, the court dismissed the simplified traffic information on the ground that this was the officer's second nonappearance and, upon the officer's first nonappearance on September 21, 2017, the matter had been marked final against the People. The People appeal. 
It is well settled that a trial court can dismiss a pending criminal prosecution only upon the limited grounds codified in the Criminal Procedure Law (see Matter of Holtzman v Goldman, 71 NY2d 564 [1988]; People v Douglass, 60 NY2d 194 [1983]; People v Tartaglione, 5 Misc 3d 126[A], 2004 NY Slip Op 51190[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]). Here, the dismissal of the simplified traffic information was improper as it was not based on any enumerated statutory ground (see e.g. CPL 160.50, 170.30, 290.10). Thus, the District Court did not have the inherent authority to dismiss the simplified traffic information based upon the unavailability of the complaining witness, which has been considered a "failure to prosecute" (see Douglass, 60 NY2d at 204-205; People v Alonso, 57 Misc 3d 155[A], 2017 NY Slip Op 51611[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Ramos, 37 Misc 3d 143[A], 2012 NY Slip Op 52293[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; People v Murchinson, 31 Misc 3d 146[A], 2011 NY Slip Op 50943[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; People v Meynard, 18 Misc 3d 130[A], 2008 NY Slip Op 50045[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; People v Arroyo, 12 Misc 3d 133[A], 2006 NY Slip Op 51181[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; Tartaglione, 5 Misc 3d 126[A], 2004 NY Slip Op 51190[U]). The court also did not have the power to terminate the criminal proceeding by entering a trial order of dismissal on the merits, since no trial had been commenced (see Matter of Holtzman, 71 NY2d 564, 571 [finding that the plain language of the statute authorizing a trial order of dismissal "manifests the Legislature's intention only to grant the court the power to rule on insufficiency, not the power to terminate the proceedings by default"]; People v Sullivan, 142 AD2d 695 [1988]; People v Chisholm, 140 AD2d 534 [1988]; Tartaglione, 5 Misc 3d 126[A], 2004 NY Slip Op 51190[U]). As, under the circumstances presented, the District Court lacked the authority to dismiss the simplified traffic information, the accusatory instrument should not have been dismissed (see Douglass, 60 NY2d at 205; People v Spellman, 233 AD2d 254 [1996]; People v Roesch, 163 AD2d 429 [1990]). 
Accordingly, the order is reversed, the simplified traffic information is reinstated, and the matter is remitted to the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency for all further proceedings.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 21, 2019