*Carmichael v. Chappius*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty.

PRESENT: RALPH K. WINTER,
              RICHARD C. WESLEY,
              RICHARD J. SULLIVAN,
                 *Circuit Judges.*

-----------------------------------------------------------------

BRIAN CARMICHAEL,

        *Petitioner-Appellant,*

       v.                            No. 18-3010-pr

SUPERINTENDENT PAUL J. CHAPPIUS, JR.,
ELMIRA CORRECTIONAL FACILITY,

        *Respondent-Appellee.*

-----------------------------------------------------------------

FOR PETITIONER-APPELLANT:     JOSEPH M. NURSEY (Christina Swarns, *on the brief*), Office of the Appellate Defender, New York, NY.

FOR RESPONDENT-APPELLEE: DEBORAH L. MORSE, Assistant District Attorney (Christopher P. Marinelli, Assistant District Attorney, *on the brief*), *for* Cyrus R. Vance, Jr., District Attorney for New York County, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Brian Carmichael appeals from a judgment of the district court (Katherine Polk Failla, *Judge*) denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254 for relief from his New York state convictions for second-degree sale of a controlled substance. Carmichael claims that he received ineffective assistance of counsel when his trial attorney inadequately challenged the prosecution's striking of African-American jurors during *voir dire*. The district court denied the petition, holding that the state court did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668 (1984), when it determined that counsel's allegedly deficient performance did not result in actual prejudice. The district

2

court further held that "[c]ounsel's alleged failure to craft more comprehensive challenges for his *Batson*[ *v. Kentucky*, 476 U.S. 79 (1986),] claims [did] not rise to the level of deficient performance under *Strickland*." *Carmichael v. Chappius*, 340 F. Supp. 3d 340, 349 (S.D.N.Y. 2018). The district court subsequently granted a certificate of appealability on two issues: whether (1) "there was a reasonable basis for the state court's analysis that *Batson* errors are not structural," and (2) "trial counsel's failure to present available arguments that the prosecution was striking [b]lack prospective jurors based upon their race did not constitute ineffective assistance under *Strickland*'s performance prong." Joint App'x at 10. Because we determine that counsel's performance in raising his *Batson* challenges was not deficient under *Strickland*'s first prong, we affirm without addressing *Strickland*'s prejudice prong and whether there was a reasonable basis for the state court's analysis that *Batson* errors are not structural.

Our previous opinion in this case provides a thorough review of the relevant facts and procedural history. *See Carmichael v. Chappius*, 848 F.3d 536, 540–43 (2d Cir. 2017). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

3

I.  Applicable Legal Framework

A.  Review of State Court Decisions Under the AEDPA

"We review de novo a district court's denial of a petition for a writ of habeas corpus." *Dixon v. Miller*, 293 F.3d 74, 78 (2d Cir. 2002).  Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), a federal court cannot grant a petition for a writ of habeas corpus based on a claim that was "adjudicated on the merits in State court proceedings" unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

A state court decision is "contrary to . . . clearly established Federal law, as determined by the Supreme Court," when "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000) (first alteration in original).  An "unreasonable application" of Supreme Court precedent, on the other hand, occurs when a state court "identifies the correct

4

governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

This is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

To merit federal habeas relief under the "unreasonable application" prong of § 2254(d)(1), a petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. Consequently, a federal court may not issue a writ of habeas corpus "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411.

B. *Strickland* Ineffective Assistance of Counsel Claims

In *Strickland*, the Supreme Court established a two-prong test for evaluating Sixth Amendment ineffective assistance of counsel claims. *See* 466 U.S. at 669. First, a defendant must prove that counsel's performance was deficient – "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, a defendant must establish that counsel's deficient performance resulted in actual prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Judicial scrutiny of counsel's performance" under the first prong "must be highly deferential" and include "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. A court must make allowances for counsel's strategic choices and apply "a heavy measure of deference to counsel's judgments." *Id.* at 691.

A court has flexibility in how it decides a claim of ineffective assistance. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

Consequently, if a defendant does not successfully establish either the performance prong or the prejudice prong, the ineffective assistance claim fails, and the remaining prong becomes moot. *See id.*

### C. Review of *Strickland* Claims Under the AEDPA

Both *Strickland* and the AEDPA require highly deferential standards of review. Accordingly, "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Richter*, 562 U.S. at 105. "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Id.* (internal quotation marks and citations omitted). To succeed on an ineffective assistance of counsel claim, a defendant petitioning for federal habeas relief must show, not that the state court applied *Strickland* incorrectly, but that the state court applied *Strickland* "in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002). "The *Strickland* standard is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on that standard." *Lindstadt v. Keane*, 239 F.3d 191, 199 (2d Cir. 2001).

## II. Discussion

Carmichael maintains that his "[t]rial counsel was unknowledgeable on the applicable law on making a *prima facie* showing of discrimination under *Batson*'s first stage," and therefore that he made deficient *Batson* challenges when he proffered only statistical data as support. Carmichael's Br. at 34. He asserts that supplemental information should have been readily apparent to counsel – namely, "the fact that four of the six African-American prospective jurors stricken by the prosecution had 'pro-prosecution backgrounds'" – and that had counsel included that additional information, his prima facie showing would have been "virtually unassailable." *Id.* at 27. Moreover, Carmichael asserts that "[d]espite the trial court telling counsel that he was doing it wrong, counsel persisted in his ineffective representation," providing nothing "more than just statistics . . . to establish the *prima facie* case." *Id.* at 23. These purported errors, Carmichael maintains, "cannot be explained convincingly as resulting from a sound trial strategy, but instead arose from oversight, carelessness, [or] ineptitude," *id.* at 33 (quoting *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009)), so counsel's performance fell below an objective standard of reasonableness and violated *Strickland*'s first prong. We disagree.

First, our previous rejection of Carmichael's underlying *Batson* claim, *see Carmichael*, 848 F.3d at 549, severely undermines his ineffective assistance of counsel claim as well. If the New York state court's "conclusion that there was insufficient evidence of discrimination" to raise a successful *Batson* claim was "not unreasonable," *id.*, then it logically follows that counsel's performance could not have been deficient based on his failure to make a successful *Batson* challenge. Moreover, although Carmichael premises his ineffectiveness claim on his counsel's supposed lack of knowledge of, and conformity with, a New York-specific *Batson* rule requiring "more than just statistics . . . to establish [a] *prima facie* case," Carmichael's Br. at 23, both this Court and New York state courts have held "that statistical evidence alone may, in some circumstances, suffice to establish a *prima facie* case of discrimination during jury selection," *Carmichael*, 848 F.3d at 545; *see also People v. Carmichael*, 901 N.Y.S.2d 48, 49 (1st Dep't 2010) (explaining that "numerical evidence may suffice" to establish a prima facie case under *Batson*).

Second, we reject Carmichael's assertion that counsel's failure to raise the prospective jurors' pro-prosecution backgrounds in support of his *Batson* challenges rendered his performance deficient. That the prosecution struck

9

African-American prospective jurors with purportedly pro-prosecution backgrounds hardly indicates *Batson* discrimination since the prosecution also challenged white prospective jurors with similar connections to law enforcement.[1] Thus, if counsel had raised exactly the arguments that Carmichael now identifies, the prosecution undoubtedly would have drawn the court's attention to these pro-prosecution white prospective jurors who were also excluded. *See Miller-El v. Dretke*, 545 U.S. 231, 232 (2005) ("More powerful than the bare statistics are side-by-side comparisons of some black venire panelists who were struck and white ones who were not."). The fact that white potential jurors with pro-prosecution backgrounds were also excluded suggests that the prosecution did not value this characteristic highly. Consequently, the exclusion of African-American prospective jurors with pro-prosecution connections is not compelling evidence that the prosecution struck them based on their race.

---

[1] The record clearly establishes that the prosecution struck a white female prospective juror with a pro-prosecution background. The magistrate judge, after reviewing the record, further concluded that "it is impossible to ascertain from the record precisely which other non-African-American jurors with law enforcement connections the prosecutor peremptorily challenged[,] . . . [but] given the number of jurors who disclosed law enforcement connections and the number of peremptory strikes by the prosecutor, the Court is confident that [the above-referenced prospective juror was] not the only example." *Carmichael v. Chappius*, No. 14-cv-10012 (KPF) (AJP), 2015 WL 4385765, at *22 n.37 (S.D.N.Y. July 17, 2015). The district court found similarly, referring to the "white prospective jurors" with pro-prosecution backgrounds that the prosecution struck. *Carmichael*, 340 F. Supp. 3d at 350.

Counsel's failure to proffer a decidedly weak argument – based on facts that the trial court had been present to observe in real time – is not enough to overcome *Strickland*'s "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. On this record, we find that counsel's errors, if any, were not "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Carmichael's ineffective assistance of counsel claim thus fails on *Strickland*'s performance prong.

\* \* \*

We have considered Carmichael's remaining contentions and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11