People v Scott (2022 NY Slip Op 51363(U))

[*1]

People v Scott (Dalton)

2022 NY Slip Op 51363(U) [77 Misc 3d 138(A)]

Decided on December 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JERRY GARGUILO, ELIZABETH
H. EMERSON, JJ

2021-697 S CR

The People of the State of New
York, Appellant,
against
Dalton J. Scott, Respondent. 

Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for appellant.
Dalton J. Scott, respondent pro se (no brief filed).

Appeal from an order of the District Court of Suffolk County, Suffolk County
Traffic and Parking Violations Agency (John F. Reilly, J.H.O.), rendered October 4,
2021. The order, sua sponte, dismissed the simplified traffic information.

ORDERED that the order is reversed, on the law, the simplified traffic information is
reinstated, and the matter is remitted to the District Court of Suffolk County, Suffolk
County Traffic and Parking Violations Agency for all further proceedings.
On October 4, 2021, defendant was arraigned on a simplified traffic information
charging him with failing to change the registration address for his car in violation of
Vehicle and Traffic Law § 401 (3), and the People filed a CPL 710.30 (1) (a) notice
indicating that defendant had stated to the officer that he lived in Queens. After
defendant pleaded not guilty, he was instructed to choose a trial date, but instead asked
the court, "Can I get it over with like today." Defendant then submitted a registration for
the vehicle to the court, as well as other documents, and explained that the vehicle, which
defendant co-owned with his wife, was registered in Florida and that his wife lives both
in Florida and New York. The Judicial hearing officer then decided to "dismiss[] the no
point violation rather than prolonging the matter." The People appeal. 
It is well settled that a trial court can dismiss a pending criminal prosecution only
upon [*2]the limited grounds set forth in the Criminal
Procedure Law (see Matter of Holtzman v Goldman, 71 NY2d 564 [1988];
People v Douglass, 60 NY2d 194, 205 [1983]; People v Atta-Poku, 63 Misc
3d 131[A], 2019 NY Slip Op 50414[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2019]; People v
Tartaglione, 5 Misc 3d 126[A], 2004 NY Slip Op 51190[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2004]), as a court does not possess the inherent power to
order its dismissal (see Douglass, 60 NY2d at 205; People v Spellman,
233 AD2d 254 [1996]; People v Roesch, 163 AD2d 429 [1990];
Atta-Poku, 2019 NY Slip Op 50414[U]). The dismissal of the simplified traffic
information in the case at bar prior to trial was improper since it was not based on any
statutory ground (see e.g. CPL 170.30).
We pass on no other issue.
Accordingly, the order is reversed, the simplified traffic information is reinstated,
and the matter is remitted to the District Court of Suffolk County, Suffolk County Traffic
and Parking Violations Agency for all further proceedings.
DRISCOLL, J.P., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22,
2022