People v Torres (2023 NY Slip Op 51391(U))

[*1]

People v Torres (Amaury)

2023 NY Slip Op 51391(U)

Decided on December 7, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 7, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, TIMOTHY S. DRISCOLL, JJ

2022-619 S CR

The People of the State of New York, Appellant,
against
Amaury Torres, Respondent. 

Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for appellant.
Amaury Torres, respondent pro se (no brief filed).

Appeal from an order of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Allen S. Mathers, J.H.O.), rendered July 11, 2022. The order, sua sponte, dismissed a simplified traffic information charging defendant with operating a motor vehicle without insurance.

ORDERED that the order is reversed, on the law, the simplified traffic information charging defendant with operating a motor vehicle without insurance is reinstated, and the matter is remitted to the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency for all further proceedings.
Defendant was charged in a simplified traffic information with operating a motor vehicle without insurance (Vehicle and Traffic Law § 319 [1]). In separate simplified traffic informations, defendant was also charged with, respectively, operating an unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]), unlicensed driving (Vehicle and Traffic Law § 509 [1]), and operating a motor vehicle on a public highway with improper license plates (Vehicle and Traffic Law § 402 [4]). At the arraignment, defendant informed the court that he wanted to plead guilty to the charges. However, once defendant indicated to the court that he was not the owner of the vehicle and had no knowledge of its insurance status, the court, sua sponte, dismissed the simplified information charging him with operating a motor vehicle without insurance (Vehicle and Traffic Law § 319 [1]).
It is well settled that a trial court can dismiss a pending criminal prosecution only upon the limited grounds set forth in the Criminal Procedure Law (see Matter of Holtzman v Goldman, 71 NY2d 564 [1988]; People v Douglass, 60 NY2d 194, 205 [1983]; People v Scott, 77 Misc 3d 138[A], 2022 NY Slip Op 51363[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Atta-Poku, 63 Misc 3d 131[A], 2019 NY Slip Op 50414[U] [App Term, 2d Dept, 9th & 10th [*2]Jud Dists 2019]; People v Tartaglione, 5 Misc 3d 126[A], 2004 NY Slip Op 51190[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]), as a court does not possess the inherent power to order a dismissal (see Douglass, 60 NY2d at 205; People v Spellman, 233 AD2d 254 [1996]; People v Roesch, 163 AD2d 429 [1990]; Atta-Poku, 2019 NY Slip Op 50414[U]). It was improper for the court to dismiss the simplified traffic information prior to trial, as there was no statutory ground for such sua sponte dismissal (see e.g. CPL 170.30).
Accordingly, the order is reversed, the simplified traffic information charging defendant with operating a motor vehicle without insurance is reinstated, and the matter is remitted to the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency for all further proceedings.
EMERSON, J.P., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 7, 2023